JOHN P. WEBBER *vs.* HENRY H. PROCTOR, and another.

Aroostook.   Opinion December 24, 1896.

### *Deeds.   Trees.   Sales.*

When a grantor in a deed conveys hemlock bark and trees upon a certain tract of land " with the right to enter upon said lot of land at any and all times during the term of ten years to cut any trees and make necessary roads to remove said bark and trees during said term without being liable for trespass," there is not an absolute sale of all the bark and trees upon the land, but only so much as the vendee may cut and remove within the term mentioned.

*Pease* v. *Gibson*, 6 Maine, 81; and *Howard* v. *Lincoln*, 13 Maine, 122, affirmed.

ON REPORT.

The case is stated in the opinion.

*C. P. Stetson and H. L. Mitchell*, for plaintiff.

By the deed plaintiff had an estate of inheritance in the land. *Clap* v. *Draper*, 4 Mass. 266 ; *White* v. *Foster*, 102 Mass. 378.

The deed gave to plaintiff full title to the hemlock bark on the land ; and the provision, that he shall have the right to enter during the term of ten years, does not deprive him or take away his title to the trees and bark.

The deed conveys a fee and this cannot be controlled by the subsequent clause in the deed, giving the right to enter for the

term of ten years without being liable for trespass.  *Maker* v. *Lazell*, 83 Maine, p. 566.

· Where the terms of description are uncertain, they shall be construed most favorably for the grantee.  *Esty* v. *Baker*, 50 Maine, 331.

If there are two clauses in a deed which are so repugnant so as not to stand together, the first is held to prevail over the last.

The case of *Pease* v. *Gibson*, 6 Maine, 81, differs from the case at bar, because in that case the defendant did not offer any proof of title to the premises, but only a license to enter and cut timber within two years from date.  There is the same distinction in subsequent Maine cases and cases cited by defendant's counsel.

*F. A. & D. A. Powers, D. Lewis*, for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, WISWELL, WHITE-HOUSE, STROUT, JJ.

FOSTER, J.  Action of trover to recover the value of one hundred and twenty cords of hemlock bark.  The plaintiff claims title to the same under a warranty deed from Lucien B. Grout and wife to him, dated July 19th, 1881, conveying "all the hemlock bark and one-half of the hemlock logs on the following described land situated in Sherman aforesaid, to wit: Lot numbered seventy-two containing one hundred four and 28-100 acres, more or less, with the right to enter upon said lot of land at any and all times during the term of ten years to cut any trees and make necessary roads, to remove said hemlock bark and hemlock trees or logs from the land during the term aforesaid without being liable for trespass.

"Also all the hemlock bark of every description on the following described land situated in said Sherman aforesaid, to wit: Lot numbered one hundred and thirty-nine, excepting land owned by A. T. Robinson in said lot, meaning all the hemlock bark on land conveyed to Lucien B. Grout by Joseph H. Dolley, May 14th, 1878, containing seventy-five acres more or less, with the right to enter upon said land at any and all times during the term of five

years from March 30, 1882; to cut any trees and make necessary roads to remove said ·hemlock bark from the land without being liable for trespass during term aforesaid. Reserving the right to peel and yard the hemlock bark on such land as we wish to clear for farming purposes for said Webber, for which the said Webber is to pay two dollars per cord tannery survey for so peeling and yarding said bark into the clearing where we can protect it from fires from the choppings, all the work being done in a workman-like manner,"—habendum to him, his heirs, and assigns forever.

The time limit in the deed expired long before the summer of 1894, at which time the bark in question was cut and removed by parties under whom the defendants claim by purchase, and who had all the rights of the grantors in the bark, logs and land which the grantors had subsequent to their deed to the plaintiff.

Whatever rights the plaintiff might have had in bark peeled, or timber cut, prior to the expiration of the time mentioned in the deed, but not removed from the land, as in *Plummer* v. *Prescott*, 43 N. H. 277, it is unnecessary to consider, as no such facts appear in the case.

The plaintiff's claim is that the property in the bark and logs still remains in him, notwithstanding the expiration of the five and ten years mentioned in the deed; and that he can maintain trover for their conversion; or enter and remove the same, although liable in trespass for damages in so doing.

The question to be determined is one of title, and the rights of the parties, therefore, must depend upon the construction to be given to the deed under which the plaintiff claims.

Such a construction as is contended for by the plaintiff, that it was an absolute sale of all the bark and one-half the logs upon the land, and not merely such as might be peeled, cut and taken off within the periods mentioned, would be to disregard the true intent and meaning of the parties as evidenced by the language of the deed. We do not think the plaintiff had any title or interest in the bark or logs which remained unappropriated after the respective limits of five and ten years. The plaintiff had been granted all the hemlock bark, and one-half the hemlock logs on

one lot, and all the hemlock bark on another. If this grant had stopped here, and these periods of time had not been inserted in the deed, there could be no question that, as incident to the grant, there would have passed the right to enter and cut trees and make roads necessary to remove the bark and logs. Why, then, were these clauses inserted, not only in reference to time, but also authorizing the grantee, "to cut any trees and make necessary roads to remove said hemlock bark and hemlock trees or logs from the land during the term aforesaid without being liable for trespass?" They were inserted for some purpose. The most satisfactory conclusion is, that they were designed to limit the grant to so much only as should be taken off within the respective periods, and that no more than that was granted. It is only by such a construction that we can give full scope to the obvious intention of the parties as expressed by the instrument of conveyance, and at the same time relieve it of irrational consequences. The parties could not have intended to subject the grantee to actions of trespass in removing his own property from the premises, after five and ten years respectively, every time he and his assigns, or their agents or servants, entered upon the land to peel and remove the bark and logs. Under such a construction an action of trespass could be brought and maintained every day in the year that an entry was made upon the land subsequent to the periods mentioned, and such multiplicity of actions would render the right of comparatively little value to the grantee. It is difficult to conceive that two parties should make a contract which, in effect, would give to one the ownership in hemlock bark and timber trees after a certain time, but which he could not cut, peel, or remove after that time without being a trespasser. The court will be slow to give such a construction to an instrument as will tend to a multiplicity of law suits, as it is not to be presumed that such was the intention of the parties.

The construction which we have given to this deed is sustained by numerous authorities. The case of *Pease* v. *Gibson*, 6 Maine, 81, is an early and leading case in this State upon this subject. In that case there was a sale under seal of all pine trees fit for mill

logs on certain land, the vendee to have two years from date to take off said timber. It was contended that there was an absolute sale of all the timber on the land, and not merely of such as the vendee should get off during the two years, and that the limitation to that term of time was only an indication of the period within which he might enter and carry away timber without the payment of damages. But the court held that it was a sale of only so much of the timber as the vendee should cut and remove within the two years. The court say: " To admit the construction given by the defendant's counsel, and consider such a permission as a sale of the trees, to be cut and carried away at the good pleasure of the purchaser, and without any reference to the limitation, in point of time, specified in the permit, would be highly injurious in its consequences. It would deprive the owner of the land of the privilege of cultivating it and rendering it productive, thus occasioning public inconvenience and injury; and, in fact, it would amount to an indefinite permission. The purchaser, on this principle, might, by gradually cutting the trees and clearing them away, make room for a succeeding growth, and before he would have removed the trees standing on the land at the time of receiving such a license, others would grow to a sufficient size to be useful and valuable, and thus the owner of the land would be completely deprived of all use of it. Principles leading to such consequences as we have mentioned, cannot receive the sanction of this court."

This case was followed and approved in *Howard* v. *Lincoln*, 13 Maine, 122, which was a sale of pine timber on a certain tract, the vendee " to have the term of three years from the date hereof, to haul said timber," and the court held that it was a sale of only so much of the timber as the vendee might get off within the time limited.

*Pease* v. *Gibson* was also cited and approved by the court in *Davis* v. *Emery*, 61 Maine, 141, and must be regarded as the settled law of this State.

To the same effect are the cases of *Reed* v. *Merrifield*, 10 Met. 155; *White* v. *Foster*, 102 Mass, 375; *Putney* v. *Day*, 6 N. H.

430; *Judevine* v. *Goodrich*, 35 Vt. 19; *Kelham* v. *McKinstry*, 69 N. Y. 264, and *McIntire* v. *Barnard*, 1 Sand. Ch. 52.

The case last cited is very similar to the case at bar, and was decided upon the authority of *Pease* v. *Gibson*, and *Howard* v. *Lincoln*, supra. In that case there was a grant of all the pine timber standing and lying on a certain tract of land, with habendum to the grantee, his heirs and assigns forever, " together with the right of entering upon the land until January 1, 1841, to cut and remove the said timber." It was held that the grantee had no right or interest in the standing pine timber after that date, and must account for all cut and removed thereafter, and an injunction was granted against further cutting.

Upon the construction which we think should be given to the deed in this case, the entry must be,

*Judgment for defendants.*