May 14, 1906.

———————o———————

No. 3920.

(Court of Appeal, Parish of Orleans.)

MRS. SUSAN LACOUME vs. DR. J. G. STULB.

1. The burden of proof is upon one who avers that the property claimed by the plaintiff was formerly given by that plaintiff to his deceased wife.
2. The evidence in this case convinces us that the plaintiff, to whom the property belongs did not make the donation as claimed by the defendant.

Appeal from Civil District Court, Division "C."

McCloskey & Benedict, for Plaintiff and Appellant.

Jos. Lautenschlaeger, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff sued defendant to recover of him the following described property, to-wit:

One Mathusek piano, valued at three hundred dollars.

One music stand, valued at ten dollars.

One steel engraving, valued at one hundred dollars:

One ebony mantel cabinet, valued at forty dollars;

One center piece and two vases, at seventy-five dollars;

One French clock, valued at forty-five dollars;

One Singer sewing machine, valued at thirty-five dollars;

One black walnut, hand-carved sideboard, valued at one hundred and seventy-five dollars;

Two crayon framed portraits, valued at fifteen dollars;

One black walnut armour ,valued at eighty dollars, and

Two step-ladders, valued at ten dollars,

alleging that the defendant had illegally and forcibly taken possession of the same ,and refuses to deliver them to plaintiff, who claims to be the sole owner thereof.

"Defendant answered, claiming ownership of the articles; having acquired same as legatee of his wife and heir of his only child, by a judgment of Court." He denies that he took possession of the articles sued for, without legal right, and alleges that these proceedings are intended to vex and annoy him, etc.

Defendant averred further that the articles sued for were considered by him at all times to be the property of his deceased wife, by reason of the fact that the same were a donation made to her by his mother-in-law, plaintiff herein.

The District Court gave judgment for defendant, dismissing plaintiff's suit.

We gather from counsel's brief the following to be the correct history of the case:

Marie Therezine Lacoume was the only daughter of Mrs. Susan Lacoume, plaintiff herein, and was married to Dr. Stulb, the defendant herein, the marriage being dissolved by the death of the wife within the year from the effect of childbirth. Marie's death occurred on the 25th of September, 1904, and her mother (plaintiff), believing the daughter to have died interstate, did, on the 10th of October, 1904, open the succession in the interest of her grandchild, asking for an inventory, family meeting, and undertutor.

On the 12th of October a will in olographic form was produced in Court and admitted to probate by the terms of which Dr. Stulb was made testamentary executor and legatee of all her disposable property, and that in the event of the death of the child before the husband, that he should inherit everything. Dr. Stulb, the defendant, obtained an order for an inventory, which he filed October 22nd, 1904. On the 26th day of October, the following letter was addressed to the attorney who represented Dr. Stulb in the succession proceedings by the attorneys for the

394

plaintiff in the present proceeding:

"New Orleans, October 26th, 1904.

"Mr. Joseph Lautenschlaeger, City:

"Dear Sir:—We notice in the inventory taken in the succession of Mrs. Dr. J. G. Stulb the following articles inventoried as belonging either to the community or separate estate of the deceased, to-wit: 1 piano, 1 music stand, 4 steel engravings, 1 mantel, 3 vases, 1 French clock, 1 sewing machine and 1 sideboard. These particular articles are the property of Mrs. Susan Lacoume, and we respectfully protest against any attempt to advertise or sell the same as effects of the succession, and necessarily, should the attempt be made so to do, we shall take appropriate action to protect Mrs. Lacoume's rights in the premises.

"Mrs. Lacoume begs, furthermore, to state that the inventory is defective in that it omits all the jewelry owned by the said deceased at her death, and also in treating as community property certain separate property of the deceased.

"We have further come to the conclusion that her duty to her grandchild impels her to make Dr. Stulb qualify as tutor, and to have an undertutor appointed, as it is evident that the child's rights are being jeopardized. Besides, Mrs. Lacoume is morally convinced that her late daughter was physically incapable of making the will which has been probated, and has instructed us to take proceedings to have same as probated annulled.

"Very truly yours,

(Signed) "McCLOSKEY & BENEDICT."

The death of the child on November 20th, 1904, and a compromise between the present litigants, brought to an end all discussion in reference to the will, defendant becoming sole heir.

We are asked by defendant to dismiss plaintiff's demand for the reason that by virtue of a judgment of the District Court, Division D, he has acquired title to the property claimed here, and cannot be divested by another division of the District Court, of the property conveyed to him by the first judgment and that plaintiff's remedy, if any she had, must be first invoked in the same division of the District Court which rendered the first judgment.

This is urged on the theory that one division of the District Court cannot disturb or alter a judgment rendered by another division of the same Court, and that only that Court which renders the judgment can set it aside.

The jurisprudence of this State is well settled that a consent judgment amounts to no more than a consent agreement or contract between the parties, and can have no binding effect on third parties.

We take it that an ex parte judgment can have no greater force. In the case at bar, the judgment rendered in the succession proceedings sending Dr. Stulb into possession of all of the property left by his deceased wife was an *ex parte proceeding*, to which the present plaintiff was not a party, and for that reason, it may not be seriously contended that she is estopped from instituting procedings in another than the division of the District Court, which ,in *ex parte* proceedings, adjudged Dr. Stulb the owner of all the property inventoried in the succession of his deceased wife, including the property claimed herein by plaintiff. We are of opinion that plaintiff's right to proceed as she has is undoubted, and that defendant's contention to the contrary, is without merit.

The District Judge correctly ruled that under the pleadings, defendant having averred that the articles for the recovery of which planitiff now sues, were a donation by plaintiff to her daughter, from whom he has inherited, the burden is on him to show the fact.

The defendant relies on the testimony of two or three persons who testified that the deceased wife of defendant, told them, in conversation, that her mother had given her certain articles of furniture, &c. All of the defendant's witnesses testify that their conversations with the deceased were outside the presence of the alleged donor, plaintiff herein.

To this evidence counsel for plaintiff interposed timely objection and reserved bills of exception to the ruling of the Court admitting the evidence. In this there was error. This character of evidence is clearly inadmissable.

In Bush vs. Decuir, 11 A. 503, the Court said: "Declarations

by defendant's ancestor to a third person out of plaintiff's presence, are not evidence for the defendant, the universal heir, who occupies in the suit the same position as the deceased himself."

Outside of the evidence for the defendant that was improperly received, there remains that of the defendant alone, which besides being of an unsatisfactory character, is not, standing alone, the proof required under the law to establish a right as set out in the pleadings in this case.

But says counsel for defendant: "If the Court rules out the evidence given for the defendant, that given for the plaintiff must also be ruled out, and then it will be plaintiff's word against the defendant's, with nothing to corroborate the former, but certain circumstances corroborative of the latter."

Counsel loses sight of the fact that the rule is not the same when the evidence is to show statements or admissions made against interest. Were the wife alive she could not testify to self-serving statements made to third persons and have these testify as to these statements. The husband stands in her shoes exactly, and he can no more do so now than she could were she living. Statements made against interest, however, may be shown by the other party to the suit.

In Gordon vs. Stubbs, 36 A. 631, the Court said:

"A part of this evidence was objected to and excluded, and we think properly. The counsel for plaintiff contends that these declarations thus rejected were upon the same footing as those offered by defendant and received. We do not think so. If Gordon were alive and had brought this suit and defendant had pleaded this same agreement to exonerate him from the liability charged, whilst he, defendant ,might establish such agreement by parole and prove the admission of Gordon in corroboration of it, it could hardly be pretended that Gordon would be entitled to prove declarations made by him in his own favor from time to time out of the presence of Stubbs, either denying the existence of the contract, or contradicting its terms, or exculpating himself from liability under it. The rule is not varied by the fact of Gordon's death. His legal representa-

tive suing occupies the same position and is subject to the same rule."

On the other hand the plaintiff testifies to what appears to be the plausible conditions and circumstances under which the property that she now claims from the husband of her deceased daughter were left in the house, which, before the daughter's marriage was the family residence. Most of the property is old, even antique, and plaintiff says that she left the articles in the house to help her daugher ,who didn't have the means to buy a complete outfit of household furniture. She denies having given to her daughter the property she now claims, but says she would have been willing to leave them with her(daughter) until she was able to provide some of her own. In this she is corroborated by four witnesses to whom the deceased made admissions to the effect that her mother had left the old things in the house and would take them later.

It is often the case that the furniture of the mother is left in the house of the daughter for one or more years, and that fact alone is not sufficient to corroborate the defendant's testimony so as to weigh against the evidence and divest the title of one who it is conceded was once the absolute owner of this property.

Our law permits but does not favor the gratuitous disposition of property.

While an immovable or incorporable right may be sold by private act, and even in some cases verbally, no donation may be made of such property save by notarial act.

It is true that corporal movable property may be given by manual gift and actual delivery, but where the donee, to whom the gift and delivery is claimed to have been made, is dead, proof of that gift should be made beyond all reasonable doubt. In case of doubt, the law applies whether the donation be one mortis causa or inter vivos. C. C. 1717.

From our appreciation of the testimony, we are satisfied that plaintiff, at no time, donated nor intended to donate the articles enumerated above, and which she now claims.

Therefore, for the reasons assigned, it is hereby ordered, ad-

judged and decreed that the judgment of the District Court be avoided and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant, condemning him to deliver to plaintiff the following described property, to-wit:

One Mathusek Piano, valued at Three Hundred Dollars.

One Music Stand, valued at Ten Dollars.

One Steel Engraving, valued at One Hundred Dollars.

One Ebony Mantel Cabinet, valued at Forty Dollars.

One Center Piece and Vases, valued at Seventy-five Dollars.

One French Clock, valued at Forty-five Dollars.

One Singer Sewing Machine, valued at Thirty-five Dollars.

One Black Walnut Hand Carved Sideboard, valued at One Hundred and Seventy-five Dollars.

Two Crayon Framed Portraits, valued at Fifteen Dollars.

One Black Walnut Armoir, valued at Eighty Dollars, andTwo Step-Ladders, valued at Ten Dollars.

The costs in both Courts to be taxed to defendant.