THE HON. WILLIAM L. HOLLOWAY, ⎫
⎬ Associate Justices.
THE HON. HENRY C. SMITH, ⎭

HOLLENSTEINER, RESPONDENT, *v.* MISSOULA LUMBER
CO., APPELLANT.

(No. 2,534.)

(Submitted June 11, 1908. Decided June 18, 1908.)

[96 Pac. 420.]

*Logs and Logging—Sale of Standing Timber—Deeds—Con-
struction.*

Deeds—Construction—Intention of Parties.
    1. In construing the terms of a deed the court must, if possible, ascer-
tain the intention of the parties to the sale as expressed by the deed.

Logs and Logging—Sale of Standing Timber—Limitation of Grant.
    2. Where standing timber is sold without the land, the timber to be
removed within a specified time, the general rule is, that the sale is
only of so much timber as is removed within that time, and such a
contract confers no right to remove timber thereafter.

Same.
    3. Defendant, in a suit to quiet title to lands, had sold to plaintiff
the timber standing thereon, the deed providing, among other things,
that such timber should be cut and removed within five years from
the date of the instrument. At the expiration of the five-year period
a part of the timber still remained uncut, and the court held that
defendant had no longer any right to it. *Held,* that the holding of
the court was correct, and that the contention of defendant that the
provision above amounted only to a covenant that the grantee would
cut and remove the timber within the specified time, for a violation
of which the grantor might maintain an action for damages, was un-
tenable, but that the clause referred to limited the operation of the
grant to the timber cut or removed within the five-year period.

*Appeal from District Court, Missoula County; F. C. Webster,
Judge.*

ACTION by August Hollensteiner against the Missoula Lumber
Company. From a judgment for plaintiff, and an order deny-
ing a motion for a new trial, defendant appeals. Affirmed.

(278)

*Messrs. McBride & McBride,* and *Mr. E. C. Mulroney,* for Appellant.

A fee simple title is presumed to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended. (Civ. Code, sec. 1511; *Collins* v. *McKay,* 36 Mont. 123, 122 Am. St. Rep. 334, 92 Pac. 295, 297; *Wetzstein* v. *Largey,* 27 Mont. 212, 70 Pac. 717.) A grant is interpreted in favor of the grantee, except that a reservation in any grant is interpreted in favor of the grantor. (Civ. Code, sec. 1473; *Dodge* v. *Walley,* 22 Cal. 224, 83 Am. Dec. 61; *Muller* v. *Boggs,* 25 Cal. 175, 182, 193.) A condition subsequent is one referring to a future event upon the happening of which the obligation becomes no longer binding upon the other party if he chooses to avail himself of the condition. (Civ. Code, sec. 1954; *Raley* v. *Umatilla Co.,* 15 Or. 172, 3 Am. St. Rep. 142, 13 Pac. 890; *Blanchard* v. *Detroit etc. Ry. Co.,* 31 Mich. 43, 18 Am. Rep. 142; *Star Brewery Co.* v. *Primas,* 163 Ill. 652, 45 N. E. 145, 147.)

"A 'condition' differs from a 'covenant' in that the legal responsibility of nonfulfillment of a covenant is that the party violating it must respond in damages, while the consequence of the nonfulfillment of a condition is a forfeiture of the estate. If it be doubtful whether a clause in a deed be a covenant or a condition, the courts will decide against the latter construction." (*Woodruff* v. *Woodruff,* 44 N. J. Eq. 349, 16 Atl. 4, 1 L. R. A. 380.) The same words may be employed to create a covenant, as to create a condition, and, if there is any doubt regarding the intention of the grantor or devisor, courts will incline toward the former construction, for conditions which destroy estates are not favored and are strictly considered. A condition is always the creation of the grantor or devisor. A covenant may be made either by a grantor or the grantee. (*Detroit Union R. R. Depot & Station Co.* v. *Fort Street Union Depot Co.,* 128 Mich. 184, 87 N. W. 214, 216.) A condition in a deed, such as will work a forfeiture of the estate if not performed, is not favored in the law, and will not be implied. It will only be enforced where the language of the instrument containing it unmistakably imposes an estate on condition. (*Hamilton* v. *Kneeland,* 1 Nev. 40, 53.) All doubts as to the meaning of a deed must be solved in favor of the grantee. (*Piper* v. *True,* 36 Cal. 606, 619, 620.) If there be any conflicting descriptions in a deed, that which is most strongly against the grantor will be

adopted. (*Hager* v. *Spect*, 52 Cal. 579, 581, 582.)  Conditions subsequent are not favored; they go in destruction and defeasance of estates; are odious in law and shall be taken strictly. (*Michigan Sav. Bank* v. *Hastings*, 1 Doug. (Mich.) 225, 41 Am. Dec. 549; *Weir* v. *Simmons*, 55 Wis. 637, 13 N. W. 873; *Cross* v. *Carson*, 8 Blackf. (Ind.) 138, 44 Am. Dec. 742.)

The covenant on defendant's part to remove the timber within five years cannot possibly result in a forfeiture of its timber.  The remedy of plaintiff is not an action to declare a forfeiture, but an action for such damages as he may have sustained by failure on the part of the appellant to comply with the terms of said covenant.

*Messrs. Clayberg & Horsky*, and *Mr. H. H. Parsons*, for Respondent.

The following cases decide that under a contract or deed like the one here in question, the title to only such timber passes as is actually removed within the time limited: *Pease* v. *Gibson*, 6 Greenl. (Me.) 81; *Howard* v. *Lincoln*, 13 Me. 122; *Davis* v. *Emery*, 61 Me. 141, 14 Am. Rep. 553; *Webber* v. *Proctor*, 89 Me. 404, 36 Atl. 631; *Utley* v. *Wilcox L. Co.*, 59 Mich. 263, 26 N. W. 488; *Williams* v. *Flood*, 63 Mich. 487, 30 N. W. 93; *French* v. *Sparrow K. L. Co.*, 135 Mich. 424, 97 N. W. 961; *King* v. *Merriman*, 38 Minn. 47, 35 N. W. 570; *Pine Co.* v. *Tozer*, 56 Minn. 288, 57 N. W. 796; *Neils L. Co.* v. *Hines*, 93 Minn. 505, 101 N. W. 959; *Baxter* v. *Maddox*, 106 Ga. 344, 32 S. E. 94; *Morgan* v. *Perkins*, 94 Ga. 523, 21 S. E. 574; *Chestnut* v. *Green*, 120 Ky. 385, 86 S. W. 1122; *Jackson* v. *Hardin*, 27 Ky. Law Rep. 1110, 87 S. W. 1119; *Bell Land Co.* v. *Moss*, 30 Ky. Law Rep. 6, 97 S. W. 354; *McIntyre* v. *Barnard*, 1 Sand. Ch. 52; *Dennis etc. Lumber Co.* v. *Corey*, 140 N. C. 462, 53 S. E. 300, 6 L. R. A., n. s., 468; *Bunch* v. *Elizabeth etc. Co.*, 134 N. C. 116, 46 S. E. 24; *Saltonstall* v. *Little*, 90 Pa. St. 422, 35 Am. Rep. 683; *Mengall Box Co.* v. *Moore*, 114 Tenn. 596, 87 S. W. 415; *Fletcher* v. *Livingston*, 153 Mass. 388, 26 N. E. 1001; *Clark* v. *Guest*, 54 Ohio St. 298, 43 N. E. 862; *Null* v. *Elliott*, 52 W. Va. 229, 43 S. E. 173; *Adkins*

v. *Huff*, 58 W. Va. 645, 52 S. E. 773, 3 L. R. A., n. s., 649; *Strong*
v. *Eddy*, 40 Vt. 547; *Strasson* v. *Montgomery*, 32 Wis. 52; *Golden*
v. *Glock*, 57 Wis. 119, 46 Am. Rep. 32, 15 N. W. 12.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This is an action to quiet title to certain lands in Missoula
county. The plaintiff alleges in his complaint that he is the
owner in fee of the lands described; that the defendant company
claims some interest in the same but that such claim is without
right. The prayer is that the defendant be required to set
forth the nature of its claim, and that the same be adjudged
null and void. The answer sets forth affirmatively that on De-
cember 28, 1901, the plaintiff and his wife, for a valuable con-
sideration conveyed by deed to Edward Donlan all pine, fir, and
tamarack timber over eight inches in diameter at the stump
then growing upon the land described in the plaintiff's com-
plaint, excepting a small grove of trees particularly mentioned.
With the exception of two clauses hereinafter to be considered,
and others not material here, the deed is in the usual form of
bargain and sale deed. The answer further alleges that on Janu-
ary 18, 1902, Donlan and wife transferred the same interest
acquired by the first deed to the Largey Lumber Company, and
that on December 24, 1902, the Largey Lumber Company con-
veyed the same interest to this defendant, the Missoula Lumber
Company, a corporation, and that ever since the last-men-
tioned date the defendant company has been the owner and
entitled to the possession of the property described in the
deed from plaintiff and wife to Donlan. The cause was
tried to the court sitting without a jury. Findings of fact and
conclusions of law were made by the court, and a judgment or
decree entered in favor of the plaintiff, from which judgment
and an order denying it a new trial the defendant appeals.

From the evidence given at the trial the court found "that
a portion of the timber originally included and described in the
aforesaid conveyances still remains standing and growing on

said lands, all of the same not having been cut within the period of five years provided for in said conveyance"; and as a conclusion of law the court found "that the defendant and its grantors and predecessors in interest, viz., Ed. Donlan and the Largey Lumber Company, were and are the owners of only so much of the said timber growing or being upon [said] lands on the twenty-eighth day of December, 1901, as it or they had or have actually severed and cut or removed on or before the twenty-eighth day of December, A. D. 1906; and that defendant has or had no right, title, or interest whatever in or to any of the said timber or trees which were standing, growing, and being upon said lands or any part thereof on the twenty-ninth day of December, 1906, or thereafter."

Only one question is presented which requires attention, viz.: What interest did the plaintiff and his wife convey to Donlan by the deed dated December 28, 1901? The appellant contends that there was an absolute grant of the timber and easement mentioned in the deed. On the other hand, the respondent contends that the deed only conveys such of the timber therein mentioned as should be cut or removed within the period of five years from December 28, 1901, and that the easement conveyed was limited in any event to the period of five years, subject to be terminated at any time within that period if the timber mentioned in the deed to be cut should all be cut within a shorter period of time than five years.

The clauses in the deed which give rise to this controversy are the following: "It is further understood and agreed that all said timber shall be cut and removed within five years from the date of this instrument. * * * It is further agreed that whenever all of said timber shall be cut and removed, whether the five-year period has fully expired or not, that the party of the second part, his heirs and assigns, shall have no further easements or rights of way over and across the said premises or any part thereof."

A determination of the question arising over the sale of the timber will determine the question arising with reference to the

sale of the easement. Appellant contends that these clauses in the deed are merely covenants on the part of the defendant (since the defendant company succeeded to the rights and obligations of Donlan), a breach of which might give rise to an action for damages, but cannot in any manner affect defendant's title to the timber; while respondent contends that these clauses limit the operation of the deed to the timber cut or removed within the five-year period. It is elementary that in construing the terms of a deed the court must, if possible, ascertain the intention of the parties to the sale as expressed by the deed. To say that the clause requiring that the timber should be cut and removed within five years is merely a covenant on the part of the grantee that he would .cut and remove the timber within that time, leads to a conclusion which we cannot believe the parties ever contemplated. It means that, after the expiration of five years, the grantee still owns the trees, and has the right to go on the land and cut and remove them; but at the same time plaintiff might maintain an action for damages by reason of the grantee's failure to remove them within the five-year period. If appellant's contention is correct, it may permit these trees to remain standing for an indefinite time, and thereby deprive the plaintiff of the use of his land for agricultural or other purposes with which the presence of the timber would interfere. The result of this would be constantly recurring injury to plaintiff, giving rise to numberless lawsuits for damages, as well as depreciating the value of the land itself by reason of such outstanding title. The language employed does not amount to an express covenant, and we cannot hold that a covenant is implied, when the entire deed is considered. (*Williams* v. *Flood,* 63. Mich. 487, 30 N. W. 93; *Pease* v. *Gibson,* 6 Greenl. (Me.) 81; *Webber* v. *Proctor,* 89 Me. 404, 36 Atl. 631.)

But the question presented upon the construction of this deed is not a new one. It has been before the courts frequently, and from many decisions the general rule recognized appears to be as follows: "It is customary, where standing timber is sold without the land, to provide in the contract that the timber

shall be removed within a specified time. Where such a clause is inserted, the time usually begins to run from the execution of the conveyance, although sometimes a different time is agreed upon, such as the time of commencement of the cutting. The general rule is that, where the contract requires the timber to be removed within a given time, the sale is only of so much timber as is removed within that time; and confers no authority to remove the same after the expiration of the time specified." (25 Cyc. 1551. See, also, 13 Cyc. 651, and cases cited in 25 Cyc. above.)

A leading case upon the subject is *McIntyre* v. *Barnard,* 1 Sand. Ch. (N. Y.) 52. The deed in that case was dated May 27, 1836, and conveyed all pine timber standing or being on the premises, "together with the right of entering upon the land until January 1, 1841, to cut and remove the said timber." Of this clause in the deed Assistant Vice-Chancellor Sanford said: "The conclusion most satisfactory to me is that the clause in question was designed to limit the whole grant; and that the object of the grant was the sale of all the pine logs which should be taken off by January, 1841, and nothing beyond that. * * * It is only by this construction that we can give full scope to the *whole intention* expressed by the instrument; and at the same time we relieve it from the irrational consequences to which the defendant's construction inevitably leads. Two cases in Maine, the greatest lumber state in the Union, support this view of the instrument. In one of them, *Pease* v. *Gibson,* 6 Greenl. (Me.) 81, the contract was in this form: 'I hereby agree to let J. H. have all the pine trees fit for mill logs on my land in Brownfield [describing it], said H. to have two years from date to take off said timber. I acknowledge $150 for the same.' It was held to be a sale of only so much of the timber as the vendee might take off in the two years. The other case is *Howard* v. *Lincoln,* 13 Me. 122. There the plaintiff sold to one Smith 'all the white pine and hard pine timber fit for board logs, etc., which are now standing, lying or being on, etc. [describing the land] the said Smith to have the term of three

years from the date hereof, to haul the said timber.' The court decided that it was a sale of the timber which the vendee might remove in the three years, and no more."

A late case is *Webber* v. *Proctor,* above. The deed there construed conveyed all hemlock bark and one-half of the hemlock logs on one lot of land, together with "the right to enter upon said lot of land at any and all times -during the term of ten years, to cut any trees, and make necessary roads to remove said hemlock bark and hemlock trees or logs from the land, during the term aforesaid, without being liable for trespass," also all hemlock bark on another lot of land "with the right to enter upon said land at any and all times during the term of five years from March 30, 1882, to cut any trees, and make necessary roads to remove said hemlock bark from the land, without being liable for trespass during term aforesaid." Speaking of this deed, the supreme court said: "Such a construction as is contended for by the plaintiff, that it was an absolute sale of all the bark and one-half the logs upon the land, and not merely such as might be peeled, cut, and taken off within the periods mentioned, would be to disregard the true intent and meaning of the parties, as evidenced by the language of the deed. We do not think the plaintiff had any title or interest in the bark or logs which remained unappropriated after the respective limits of five and ten years. The plaintiff had been granted all the hemlock bark and one-half the hemlock logs on one lot, and all the hemlock bark on another. If this grant had stopped here, and these periods of time had not been inserted in the deed, there could be no question that, as incident to the grant there would have passed the right to enter and cut trees, and make roads necessary to remove the bark and logs. Why, then, were these clauses inserted, not only in reference to time, but also authorizing the grantee 'to cut any trees and make necessary roads to remove said hemlock bark and hemlock trees or logs from the land during the term aforesaid, without being liable for trespass'? They were inserted for some purpose. The most satisfactory conclusion is that they

were designed to limit the grant to so much only as should be taken off within the respective periods, and that no more than that was granted. It is only by such a construction that we can give full scope to the obvious intention of the parties as expressed by the instrument of conveyance, and at the same time relieve it of irrational consequences."

Construing a deed containing a similar clause, the supreme court of Wisconsin, in *Strasson* v. *Montgomery*, 32 Wis. 52, said: "Whether the plaintiff was entitled to recover depends upon the construction which is given to the conveyance of the timber by Gleason to White, and the exception or reservation in the deed to the plaintiff. The former conveyance was of all the trees and timber on the premises, with the proviso that White should take the same off the land within four years or by December 4, 1870. It is well settled on principle and by authority that the legal effect of the instrument is that Gleason thereby conveyed to White all of the trees and timber on the premises which White should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to Gleason or to his grantee of the premises."

In *King* v. *Merriman*, 38 Minn. 47, 35 N. W. 570, it is said: "Contracts relating to an interest in standing timber, with an express limitation as to the time of removal, are familiar to the American courts in the timbered states. The cases arising upon them are extensively collated in the exhaustive briefs of counsel, but are too numerous to be here considered in detail. Sometimes these contracts are in the form of conveyances of timber, sometimes of a sale, coupled with a license to enter, sometimes of a formal license to enter and cut, and, again, of a reservation of the timber by the grantor in the conveyance of the land. But, whatever the form, the limitation as to the time of removal has been almost invariably held to be a limitation of the grant or reservation itself. The reasons are manifest. Any other construction would be against the expressed intention of the parties. Moreover, if the right of entry be not limited to the time fixed, it would be practically unlimited, which would amount

to so serious an encumbrance upon the land as to materially interfere with the owner's right to use or dispose of it."

We are of the opinion that the trial court was correct in the conclusion of law stated above, and the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

(Submitted June 11, 1908.  Decided June 18, 1908.)