R. M. COBBAN REALTY CO., APPELLANT, *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO. ET AL., RESPONDENTS.

(No. 3,484.)

(Submitted March 25, 1916. Decided April 24, 1916.)

[157 Pac. 173.]

*Quieting Title—Reformation of Instruments—Estoppel—Trial —Inconsistent Theories—New Trial.*

Quieting Title—Trial—Inconsistent Theories—New Trial.
    1. Where, on appeal from an order denying a new trial in an action to quiet title to a strip of land granted for a railroad right of way, neither counsel agreed with the other nor with the trial court as to the theory or theories upon which the cause was tried, and the

Upon the question of estoppel against assertion of title or interest in real property against one making improvements theron, see note in 48 L. R. A. (n. s.) 759.

two theories apparently adopted by the court—estopped *in pais* and mutual mistake in the description of the land in the deed—were contradictory of each other, a new trial *held* proper.

Reformation of Instruments—Mistake—Mutuality.

2.   Suit to reform a deed does not lie where the alleged mistake in the description of the land was not mutual.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ACTION by R. M. Cobban Realty Company, a corporation, against the Chicago, Milwaukee & St. Paul Railway Company of Montana and another. There was a decree for defendants, and from an order denying it a new trial, plaintiff appeals. Reversed and remanded.

*Mr. Elmer E. Hershey,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Henry C. Stiff,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1907, when the Milwaukee road constructed its transcontinental line across this state, it became necessary to secure a right of way over the SE. ¼ of the NW. ¼ of section 20, township 13 N., R. 19 W. (hereafter referred to as the forty-acre tract), 100 feet in width, fifty feet on each side of the center line as theretofore surveyed and staked upon the ground. The land sought was owned by the plaintiff, but the legal title stood in the name of E. B. Weirick, trustee. The right of way agent of the railway company presented to the plaintiff a map which had been prepared by the railway company's engineers, and which was supposed to illustrate the railway's desires and to locate the proposed right of way strip. Figure 1 of the subjoined diagram will represent that map for all the purposes of this appeal. The dotted line represents the center line as staked

upon the ground.    The line A B is the south line of the forty-acre tract, and also the south line of the right of way strip.

Negotiations were carried on with reference to this map, and a purchase was made.    When the deed was executed and delivered by Weirick to the railway company, it described the strip as beginning at the point C, where the center line of the right of

way, as staked upon the ground, intersects the east side line of the forty-acre tract, thence running south on that east line fifty feet to the southeast corner of the forty-acre tract, thence west along the south side line of said tract to what is marked on figure 1 as the line A D, thence north on that line 100 feet, thence east on a line parallel to and fifty feet north of the staked line to the east side line of the forty-acre tract, thence south fifty feet to the place of beginning. When the construction work was about completed, this controversy arose, and plaintiff instituted a suit to quiet title, making the constructing company, as well as the operating company, defendants. For brevity we shall treat the defendants as one company and refer to it as the railway company. The complaint is in the form usually employed in such an action.

The answer admits corporate existence, and denies all the other allegations of the complaint, except as such denial is modified by the affirmative defenses. The answer then undertakes to plead: (1) An equitable estoppel; and (2) a mutual mistake in the description contained in the Weirick deed. It asks for a decree that plaintiff be estopped to claim any of the right of way actually occupied by the railway company, and that the Weirick deed be reformed so as to describe the strip of ground upon which the railroad was constructed.

The reply is a general denial. Upon the trial the parties entered into a stipulation, the only apparently material portion of which follows: "That plaintiff now is, and during all the times in its complaint mentioned was, the owner of the lands described in said complaint, save and except as the ownership thereof was modified, changed or affected by the deed given to the defendant Chicago, Milwaukee & St. Paul Railway Company of Montana, and referred to in the answer of defendants, by E. B. Weirick, trustee, who at the time of giving the same was acting for and on behalf of plaintiff, and as such ownership may have been changed, modified or affected by the location, survey, staking out, construction and operation of the railroad mentioned in the answers of defendants, and the ownership of the roadbed and

right of way by defendants by reason of the acts done by defendants, or either of them, as may be shown on behalf of defendants in the trial of this cause.''

Certain evidence, oral and documentary, was introduced, and the court then made findings of fact, and from them drew conclusions of law, upon which a decree favorable to the defendants was rendered. From an order denying it a new trial, plaintiff appealed.

The findings of the trial court are in very general terms, but were seemingly intended to cover both affirmative defenses. The conclusions of law are that plaintiff is not entitled to any relief, that it is estopped to claim any of the ground in controversy, and that the railway company is awarded a decree quieting its title.

Counsel for appellant in his brief concedes that he waived any [1] objections which he might otherwise have had to the sufficiency of the answer, but insists that the findings are not supported by the evidence, and that under the stipulation the trial court was called upon to construe the Weirick deed in the light of the intention of the parties and their acts, as shown by the evidence.

Counsel for respondents evidently proceeds upon the assumption that the construction of the deed was the only question before the lower court, for his brief is devoted entirely to the consideration of the rules which he insists should govern the proper construction of the deed. If the purpose of the stipulation was to eliminate any question of estoppel or mutual mistake, the trial court was clearly misled, for its findings, conclusions and decree indicate an entirely different understanding of counsel's agreement. The stipulation relieves the plaintiff of the necessity of deraigning its title, and shifts the burden of proof to the defendants; but if it has any further purpose, it is concealed somewhere in the language employed. If the trial court was correct in its findings upon the plea of estoppel, then the construction of the deed never entered into the court's determination, and no con-

sideration could have been given to the stipulation beyond what we have indicated.

If the plaintiff is estopped to assert any claim to the ground in dispute by reason of the fact that it stood by without objecting while the railway company expended large sums of money in constructing its road over ground not conveyed by the Weirick deed, then it is altogether immaterial what the original intention of the parties was, or what mistake there may be in the deed. On the other hand, if the Weirick deed correctly describes the right of way now occupied by the railway company, then there cannot be any element of estoppel in the case, for plaintiff could not complain that the company was laying its track upon the strip it had purchased for that purpose. So that, when the trial court found that plaintiff is estopped by its conduct, it impliedly found that the railway is occupying ground not conveyed by the Weirick deed, and that plaintiff should have complained before the situation of the railway company was so changed that it could not be restored to its *status quo*. But the evidence is insufficient to sustain the finding upon the plea of estoppel. The only evidence upon the subject is that when plaintiff complained to the railway company that it was not constructing its road upon the conveyed strip, it was met with the assurance that the road was being built upon the line illustrated by its right of way map (Fig. 1). And even upon the trial of this case, Healey, the engineer for the railway company who made the original survey and staked out the center line over the forty-acre tract and had charge of the construction work, testified for defendants that the road was constructed upon the center line as staked upon the ground; that he furnished the data, including the map from which the description in the Weirick deed was obtained; that he has since checked over the description in the deed against an actual survey of the ground, and that the description in the deed is "mathematically correct."

The court, however, did not rely altogether upon the estoppel, but apparently laid great stress upon the fact that it was the intention of the parties that the strip to be conveyed by the Wei-

rick deed should extend across the forty-acre tract fifty feet on each side of the staked center line, which the court finds was not located as described in the deed, and by the witness Healey, but was located upon the dotted line in Figure 2 above, and the decree quiets the railway company's title to the strip represented by the shaded portion of Figure 2. The effect of the decree is to reform the deed. The only evidence touching the intention of the parties, other than the recitals in the deed itself, was furnished by Jones, the active agent for the plaintiff in negotiating the sale. He testified that the sale was made with reference to the railway company's right of way map (Fig. 1) and upon the supposition that plaintiff's remaining interest would be in one compact body north of the right of way and not divided into two irregular parcels, as the decree leaves it.

It is not made plain who drew the deed, but it is established that the sale was made with reference to the map prepared by [2] the railway company, and that the description in the Weirick deed was obtained from data furnished by the agent of the railway company. If, then, there is a mistake in the description contained in the deed, it was not a mutual mistake, but the mistake of the railway company only, and one not known to the plaintiff at the time. Under these circumstances a suit to reform the instrument will not lie. It may be that the minds of the parties never met; but there was not a mutual mistake. (34 Cyc. 911; *Gaffney Merc. Co.* v. *Hopkins,* 21 Mont. 13, 52 Pac. 561, 562.)

Neither counsel agrees with the other, nor with the trial court, as to the theory, or theories, upon which this cause was tried, and each of the two theories apparently adopted by the court— estoppel *in pais* and mutual mistake—is contradictory of the other. The evidence would suggest, at least, that the only real issue tried was: Where is the south boundary line of the forty-acre tract? The evidence is insufficient to sustain the findings upon the affirmative defenses of estoppel *in pais* and mutual mistake. There is nothing in the record to suggest that the court's conclusion was based upon a construction of the Weirick

deed alone, while the finding upon the plea of estoppel is altogether inconsistent with any such supposition.

The order of the trial court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

·MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.