COBBAN REALTY CO., RESPONDENT, *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO. ET AL., APPELLANTS.

(No. 4,243.)

(Submitted May 27, 1920. Decided June 25, 1920.)

[190 Pac. 988.]

*Quieting Title—Construction of Deeds—Burden of Proof—Failure of Proof—Estoppel.*

Deeds—Construction—Doctrine of the Last Antecedent—Applicability.
   1. The rule that in the construction of a statute, relative and qualifying words, phrases and clauses must, under the doctrine of the last antecedent, be applied to the word or phrase immediately preceding, and are not to be construed as extending to or including others more remote, is applicable to the construction of deeds.
Same—Object of Construction.
   2. The object in construing a deed is to ascertain the intention of the parties to it.
Same—Description of Property—Estoppel.
   3. Where a railway company seeking to obtain a right of way furnished the data, including the right of way map, from which the description in a deed to the railroad was obtained, the company was

estopped to say that it did not intend that the description in the deed should operate to convey the ground shown upon the map.

Same—Quieting Title—Burden of Proof—Failure of Proof.

4.   Where, in an action to quiet title, the issue was the location of a railroad right of way upon plaintiff's land and the burden of proof was, by stipulation, upon the railway company to show that the ground occupied by it was conveyed to it by a deed, failure to prove its location with reference to the land claimed by plaintiff amounted to a failure of proof and warranted judgment for plaintiff.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ACTION by the R. M. Cobban Realty Company, a corporation, against the Chicago, Milwaukee & St. Paul Railway Company of Montana and another. From a judgment for plaintiff and an order denying them a new trial, defendants appeal. Affirmed.

*Messrs. Murphy & Whitlock,* for Appellants, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

*Mr. Elmer E. Hershey,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Upon a former appeal the judgment in favor of the defendants was reversed and a new trial ordered (52 Mont. 256, 157 Pac. 173). A statement of the case with illustrating maps will be found in our former opinion and need not be repeated here. Upon the second trial the court found the issues in favor of plaintiff, and defendants appealed from the judgment and from an order denying a new trial.

There was not any new evidence presented, and only a portion of the evidence employed in the first trial was introduced upon the second trial. The same stipulation used upon the first trial was renewed for the purpose of the second trial, and this stipulation, the Weirick deed, and the defendants' right of way map were introduced by plaintiff.

At the instance of the defendants, the deposition of C. F. Healy, used at the first trial, was received in evidence, and in rebuttal the witness Jones testified to substantially the same facts as upon the first trial. A more specific reference to this evidence will be found in our former opinion. Upon the second trial the defendants abandoned each of the affirmative defenses pleaded in their answer—estoppel *in pais* and mutual mistake—and relied altogether upon the conveyance evidenced by the Weirick deed. In our former opinion we construed the stipulation above, and determined that it "relieves the plaintiff of the necessity of deraigning its title and shifts the burden of proof to the defendants." Under the terms of this stipulation (omitting any reference to the defense of estoppel, which was abandoned), plaintiff was entitled to judgment unless the defendants could show that the ground in controversy was conveyed to the railway company by the Weirick deed. If the terms of the deed be considered independently of the circumstances surrounding their preparation, the meaning of the instrument is not open to serious controversy. It conveys that portion of the S. E. ¼ of the N. W. ¼ of section 20, township 13 north, range 19 west, hereinafter referred to as the 40-acre tract, described as follows: "Beginning at a point of intersection of the E. side line of said above-described tract of land, and the center line of the said right of way of the Chicago, Milwaukee & St. Paul Railway Company of Montana, as the same is now surveyed, located, and staked out upon the ground over and across the said S. E. ¼ of the N. W. ¼; thence running south on and along said E. side line of said tract of land a distance of 50 feet to the S. E. corner thereof; thence running west on and along the S. side line of said tract of land to an intersection with the E. side line of lot No. 15 in Cobban & Dissmore Orchard Homes addition to Missoula, Mont.; thence north on and along the E. side line of said lot No. 15 a distance of 100 feet; thence running east on a line parallel to and 50 feet north of the said center line of the railway of the party of the second part to a point on the

E. side line of the said S. E. ¼ of the N. W. ¼ of said section No. 20; thence running south 50 feet to place of beginning.''

Under the familiar rule of construction known as the doctrine of the last antecedent, relative and qualifying words, **[1]** phrases and clauses are to be applied to the word or phrase immediately preceding, and are not to be construed as extending to or including others more remote. (*State* v. *Centennial Brewing Co.*, 55 Mont. 500, 178 Pac. 296.) The rule is applicable to the construction of deeds as well as statutes. (*Grooms* v. *Morrison*, 249 Mo. 544, 155 S. W. 430.) Applying this rule to the language employed in the description above, and the phrase ''said above-described tract of land,'' and the phrase ''said tract of land,'' each and every one of them refers to the 40-acre tract, and not to the right of way.

It is elementary that the object in construing a deed is to **[2, 3]** ascertain the intention of the parties to it (*Hollensteiner* v. *Missoula Lumber Co.*, 37 Mont. 278, 96 Pac. 420), and conceding that the rule of the last antecedent is only an aid in interpretation and must give way to the intention of the parties if its application involves a conflict with such intention, we are led to inquire: What were the surrounding circumstances which indicate the intention of the parties at the time this deed was prepared and executed? The evidence is uncontroverted that the railway company seeking to obtain a right of way over this 40-acre tract furnished the data, including its right of way map (Figure 1, 52 Mont. 258, 157 Pac. 173), from which the description in the deed was obtained, and that map not only photographed, as it were, the strip of ground to be conveyed as the south 100 feet of the 40, but showed the south line of the strip to be identical with the south boundary line of the 40 and added emphasis to that fact by writing on the identical line the words ''¼ section line'' and ''right of way line.'' It would do violence to every conception of right to permit the railway company to say now that it did not intend that the description in the deed should

operate to convey the ground shown upon the right of way map as the ground it proposed to acquire. But counsel for defendants in their brief say: "The record will be searched in vain for any proof which even tends to show that the south line of the 40-acre tract is not the same as is the south line of the land occupied as right of way." This statement is correct, but, if there is a failure of proof, the fault lies with the defendants, for they had the burden of proof.

If it is a fact that the ground occupied by the right of way is the identical strip shown upon the right of way map, then defendants should have disclaimed, for they have no interest whatever in the ground claimed by plaintiff; but, from the fact that they are before this court defending this action and insisting upon a construction of the deed which will give to them the strip of ground illustrated by Figure 2 (52 Mont. 258, 157 Pac. 173), it is fairly deducible that they are making some claim to the ground in controversy.

By the terms of the stipulation the burden was imposed [4] upon the defendants to prove that the ground occupied by the right of way was conveyed by the Weirick deed, and to establish this fact it was necessary not merely to show that *a* strip of ground 100 feet wide—50 feet on each side of the center line of the railway—was conveyed, but as well to show its location with reference to the land claimed by plaintiff, and in this they failed.

If any officer or agent of defendants knows where its right of way is located upon the 40-acre tract above, he refrained from furnishing the information to the court. The engineer, Healy, whose testimony constitutes all the evidence offered by defendants, declined to fix its location and professed to be unable to do so. Healy's testimony merely establishes the fact that the center line of the right way was surveyed and staked out before the deed was prepared or executed; that the roadbed was constructed and the road has since been operated upon that line, but where that line is situated with reference to the ground claimed by plaintiff no one seems to know. There is

a failure of proof, and, since the burden of proof was imposed upon defendants, the failure is theirs.

The judgment and order are affirmed.

*'Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.