Howard *v.* Lincoln.

## JOSEPH HOWARD *vs.* COTTON LINCOLN.

By a reservation in a deed of " all the pine timber on said land above the size of ten inches in diameter, twenty feet from the stump," such timber trees continue the property of the grantor, while they remain, with the right in so much of the soil, as is necessary to sustain them.

A sale of a certain description of standing timber trees, to be taken off within a specified time, is a sale only of so many of the trees specified, as the vendee may take off within the time limited.

The owner of timber trees, standing on land of another, may maintain trespass against any person for cutting and carrying them away.

EXCEPTIONS from the Court of Common Pleas.

The action was trespass for cutting and carrying away 408 white pine logs on the 19th of *March*, 1830. The suit was brought on *May* 20, 1835. The plaintiff was originally the owner of the land on which the trees stood, and on *May* 5, 1825, conveyed the same to one *Smith* with a reservation in the deed in these words. " Reserving all the pine timber on said land above the size of ten inches in diameter twenty feet from the stump." On the 13th of *August*, 1829, *Smith* conveyed the same to the defendant. " To shew the intent of this reservation and control the effect thereof, the defendant offered a bill of sale from the plaintiff to *Alpheus Spring*, dated *January* 3, 1824," which bill of sale was afterwards assigned to the defendant. By this instrument the plaintiff sold to said *Spring* " all the white pine and hard pine timber fit for board logs, which will make one log twenty feet in length and fourteen inches in diameter at the top, and all of a larger size, which are now standing lying or being" on the tract of land conveyed afterwards to *Smith ;* " said *Alpheus* to have the term of three years from the date hereof to haul said timber." On the back of this paper was a writing subscribed by the plaintiff in these words. "*Hiram, September* 30, 1824. This memorandum witnesseth, that I *Joseph Howard, jr.* hereby sell and convey to *Alpheus Spring* all the pine timber on the foregoing lot down to as small as ten inches in diameter and twenty feet in length."

*Whitman,* Chief Justice, instructed the jury, " that the plaintiff, at the time of the taking was the owner of all the trees then standing on the lot by him conveyed, which at the time of mak-

ing his said deed were ten inches in diameter at the distance of twenty feet from the stump ; and that the defendant must be held liable in this action therefor, if they were satisfied he had taken any such away." The jury thereupon returned their verdict for the plaintiff, and the defendant excepted to the ruling of the Judge.

*Jameson,* for the defendant, contended that by the bill of sale of *January* 3, 1824, with the memorandum of *September* 30, 1824, the plaintiff had disposed of all the right to take off timber, which he reserved in his deed to *Smith,* and that therefore the action could not be maintained. The reservation is merely of a particular description of the timber standing, and does not amount to any right to take any other trees, or to have those reserved remain and incumber the land, or grow more valuable. *Pease* v. *Gibson,* 6 *Greenl.* 81.

As no time for taking off the timber reserved was mentioned in the reservation in the deed, a reasonable time only is allowed by law. As more than five years had elapsed before the alleged trespass, the reasonable time had expired, and the plaintiff had ceased to have any rights there. If *Spring,* or those claiming under him, did not take off the timber within the three years, it belonged to the defendant, as owner of the soil, and not to the plaintiff. This suit was not brought until ten years after the reservation was made in the deed, which is a practical construction of the reservation on his part, shewing that he claimed nothing there.

*Codman,* for the plaintiff, said, that the legal effect of the reservation in the plaintiff's deed was to retain to himself, as if the deed had never been given, all the timber of the description mentioned. This gave him an interest in the soil, as well, as in the trees ; and trespass will lie for any invasion of this interest. The license to *Spring,* under whom the defendant claims, was a limited one, and gave him no right to cut these trees at the time of the alleged trespass.

He cited the following authorities. *Liford's case,* 11 *Coke,* 46 ; *Clap* v. *Draper,* 4 *Mass. R.* 266 ; *Rehoboth* v. *Hunt,* 1 *Pick.* 224 ; *Safford* v. *Adams,* 7 *Greenl.* 168.

After a continuance for advisement the opinion of the Court was prepared by

WESTON C. J. — By the reservation in the deed of *May*, 1825, from the plaintiff to *Theophilus Smith, Jr.*, under which the defendant claims, the trees therein described continued the property of the plaintiff, with the right, while they remained, in so much of the soil, as was necessary to sustain them. *Liford's case*, 11 *Coke*, 46. The plaintiff has therefore a right to maintain this action, unless he has parted with his interest in the trees, cut and carried away by the defendant. By his bill of sale of *January*, 1824, to *Alpheus Spring*, with the memorandum thereon, the plaintiff sold to him the trees subsequently reserved. And the right thereby acquired was, through certain mesne assignments, transferred to the defendant. But the bill of sale contains a provision in these words, " said *Alpheus* to have the term of three years from the date hereof, to haul said timber."

In *Pease et al.* v. *Gibson*, 6 *Greenl.* 81, this court has decided, that an instrument of this sort, is a sale only of so much of the timber specified, as the vendee may get off, within the time limited. What remained on the land, after the lease of three years, continued the property of the plaintiff, in virtue of his reservation in his deed to *Smith*. The timber in question, being cut and taken from the land by the defendant, long after the termination of that period, the plaintiff has a right to maintain trespass against him therefor.

*Exceptions overruled.*