[L. A. No. 4681.  Department One.—April 15, 1919.]

## J. H. MALLETT, Appellant, v. W. J. DOHERTY, Respondent.

[1] SALE OF STANDING TIMBER — REMOVAL WITHIN SPECIFIED TIME — CONSTRUCTION OF INSTRUMENT.—A written instrument providing that the first party thereto for a money consideration grants and sells to the second party all timber suitable for sawmill purposes standing upon certain land, together with the free use and occupation of the premises for the purpose of such removal, and further providing that the second party shall have six years within which to make such removal and an extension of four years thereafter, if the first party does not sell the land, and in the event the land is sold, that no part of the timber shall be cut or used in the manufacture of timber during said four years, does not convey absolute title to the timber, but only so much thereof as is removed within the ten years.

[2] ID.—RECORDATION OF INSTRUMENT — RIGHT TO REMOVE TIMBER — CONSTRUCTIVE NOTICE TO PURCHASER OF LAND.—Where such an instrument is recorded, a subsequent purchaser of the land is put upon constructive notice of the provision giving the holder of the instrument the right to remove the timber within the specified period.

[3] ID.—CONSTRUCTION OF CONTRACTS.—Contracts for the sale of standing trees to be removed within a specified time have generally been construed by the courts as sales of only so many trees as the vendee might cut and remove within the time designated, the balance remaining the property of the vendor.

[4] ID.—PREVENTION OF REMOVAL BY OWNER—EXTENSION OF TIME.— Where the land owner prevents the holder of such an instrument from exercising his right of removal, the period of interruption is to be taken into account and the term extended by operation of law for the time of the interruption.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

Alfred Siemon and W. W. Kaye for Appellant.

Borton & Thiele and Anderson & Borton for Respondent.

CLXXX Cal.—15

LAWLOR, J.—This action was brought by the plaintiff against the defendant to quiet the title of the former to an undivided one-half interest in certain standing timber.

On October 5, 1905, the Kern County Lumber Company, a corporation, being the owner of a tract of land on Mount Breckenridge, in Kern County, executed and delivered an instrument in writing which purported to convey the standing timber on the said land to the plaintiff. This instrument was duly acknowledged and recorded.

The plaintiff, on October 27, 1905, assigned to the Madera Sugar Pine Company, a corporation, the Fresno Flume & Irrigation Company, a corporation, the Sanger Lumber Company, and the West Side Lumber Company, a corporation, an undivided one-half interest in the said timber.

On November 12, 1908, the Kern County Lumber Company conveyed to the defendant the land upon which the said timber stands. This deed was placed in escrow with the Producer's Savings Bank in Bakersfield on June 19, 1909, with escrow instructions to the effect that the deed be not delivered until the balance of the purchase price, which included a subsisting mortgage of five thousand dollars on the land, was paid by the defendant. The final payment was made and the deed delivered on May 22, 1912.

In his complaint, filed on December 6, 1912, the plaintiff alleged that he was the absolute owner of an undivided one-half interest in the timber, with a right to the free use of the land without charge for the purpose of removing the timber until the fifth day of October, 1915. It was further alleged that the defendant claims the ownership of the land and the timber; that on November 1, 1912, the defendant evicted the plaintiff from the real property, and ever since then has held possession thereof against the plaintiff. The plaintiff prayed that the defendant be required to set forth his right to the timber, and the real property; that a decree be entered quieting the title of the plaintiff to an undivided one-half interest in the timber, that the defendant be enjoined from claiming any right, title, and ownership therein, and that he be enjoined from hindering and preventing or in any way obstructing the plaintiff in the free use and occupation of the land for the purpose of cutting and removing the timber.

The defendant answered and denied that the plaintiff was the absolute owner of, or had any interest in the timber or any right to the use of the land for the removal thereof. He further denied that the plaintiff had ever been in possession of the land or that he had been evicted therefrom, alleging that he himself was the absolute owner of both the land and the timber.

The defendant pleaded separately section 318, section 319, subdivision 1 of section 337, subdivision 2 of section 338, and subdivision 3 of section 338 of the Code of Civil Procedure as a bar to the complaint "and the cause of action attempted to be set forth therein."

The case was tried by the court without a jury. Judgment was entered in favor of the defendant, from which the plaintiff appeals. The plaintiff also appeals from an order denying his motion for a new trial, and the case comes here upon a bill of exceptions used on the hearing of the said motion.

The instrument referred to reads as follows: "That for and in consideration of the sum of Three Thousand Dollars, the said party of the first part does hereby grant, bargain, sell and convey to the party of the second part, all timber suitable for sawmill purposes, and standing and being upon the following described Real Estate, . . . together with the free use and occupation of said premises and appurtenances, without charge, for the purpose of cutting, hauling, and sawing said timber.

"And it is further understood and agreed that the party of the second part shall have six (6) years from the date of this agreement to remove said timber and an extension of four years thereafter, if the party of the first part shall not have sooner disposed of said land, and in the event of said land being sold, it shall be upon the express condition that no part of the timber hereinbefore mentioned shall be cut or used in the manufacture of timber, during said term of four years."

The timber had not been removed by the plaintiff or his co-owners within the six-year period, which expired on October 5, 1911, nor at the commencement of this action, on December 6, 1912.

It is the position of the appellant that the instrument conveyed to him absolute title to the timber, so that he could remove it at any time, even after the expiration of ten years, and that the stipulation for the removal of the timber was

merely a covenant and the timber remained his property even though it was not removed within the time specified.

As we understand the position of the respondent, it is that the intention of the parties was fully expressed in the contract, and that they intended ''that the right to remove the timber and the title of the plaintiff to the timber should terminate and be at an end together.''

On the question of the plaintiff's title to the timber and the right to use the land for the removal of the timber, the court found, ''That the plaintiff was not . . . at the time of filing complaint herein and never at any time since has been the owner, either absolute or otherwise, of an undivided one-half interest . . . in the timber . . . That the plaintiff did not have . . . at the time of filing his complaint herein and has not had at any time subsequent thereto the free use and occupation of all or any of the above described lands without charge or otherwise. . . . until the 5th day of October, 1915, . . . for the purpose of cutting, sawing, hauling and removing said timber. . . . '' No other findings were made by the court.

In support of his contention that the instrument conveyed to him absolute title to the timber, the appellant relies on the companion cases of *Peterson* v. *Gibbs,* 147 Cal. 1, [109 Am. St. Rep. 107, 81 Pac. 121], and *Gibbs* v. *Peterson,* 163 Cal. 759, [127 Pac. 62]. We are of the opinion that these cases are not determinative of this case. In the Peterson-Gibbs cases the instrument involved provided not merely that the vendees of the timber should have a period of ten years within which to remove it, but also that if it was not removed within ten years the vendees should thereafter pay a yearly rental of two hundred dollars for the privilege of removing such timber, and it was agreed, ''that all the privileges granted herein are to continue until such timber is removed.'' In view of the provision for the payment of rent after the ten-year period this court construed the instrument as an absolute conveyance without condition. This obviously is correct, for the provision for the payment of rent for an indefinite period after the expiration of the ten years in case the timber should not be removed indicates clearly that it was the intention of the parties that the vendees should have the right to remove the timber after the specified term. The court said: ''The question in each case is as to what is the contract between the

parties." The doctrine of the Peterson-Gibbs cases was followed in *Caipusci* v. *Clark,* 12 Cal. App. 44, [106 Pac. 436], and in *Anderson* v. *Palladine,* 39 Cal. App. 256, [178 Pac. 553], the court in each of those cases construing the instruments as giving the purchaser of the timber the right to remove it after the expiration of the time specified.

[1] The instrument herein contains no language indicating that the appellant was to have more than ten years within which to remove the timber. While the language is somewhat involved the instrument is, in effect, equivalent to one conveying the timber, "the same to be removed within ten years." This finds support in the provision "that in the event of said land being sold, it shall be upon the express condition that no part of the timber hereinbefore mentioned shall be cut or used in the manufacture of timber, during said term of four years." It is conceded that this restriction was intended to apply to the purchaser of the land. Since it is plain that the appellant was entitled to an aggregate term of ten years, and this action was brought before such term had expired, it will not be necessary to consider the arguments of respective counsel as to the meaning of the phrase, "shall not have sooner disposed of said land," including the question whether it was "disposed of" on the date of the execution of the deed or when it came out of escrow. [2] It may be mentioned that the Lumber Company failed to put the "express condition" in the deed when the land was sold to the defendant, but this in no way affects the rights of the plaintiff as to the time for the removal of the timber, since the instrument conveying it to the plaintiff was recorded, and the defendant was, therefore, put upon constructive notice of the provision.

The rule of construction as to contracts for the sale of standing trees to be removed within a specified time is thus stated in 28 Am. & Eng. Ency. of Law, p. 541: [3] "Contracts for the sale of standing trees to be removed within a specified time have generally been construed by the courts as sales of only so many trees as the vendee might cut and remove within the time designated, the balance remaining the property of the vendor." (See, also, 25 Cyc. 1549; 17 R. C. L. 1084, and 55 L. R. A. 526.) The weight of authority is in accord with this rule. (*McRae* v. *Stillwell,* 111 Ga. 65, [55 L. R. A. 513, 36 S. E. 604]; *Baxter & Co.* v. *Mattox,* 106

Ga. 344, [32 S. E. 94] ; *Howard* v. *Lincoln*, 13 Me. 122; *Web-ber* v. *Proctor*, 89 Me. 404, [36 Atl. 631] ; *McIntyre* v. *Barnard*, 1 Sand. Ch. (N. Y.) 52; *Patterson* v. *Graham*, 164 Pa. St. 234, [30 Atl. 247] ; *Golden* v. *Glock*, 57 Wis. 118, [46 Am. Rep. 32, 15 N. W. 12] ; *Saltonstall* v. *Little*, 90 Pa. St. 422, [35 Am. Rep. 683] ; *Williams* v. *Flood*, 63 Mich. 487, [30 N. W. 93].) It is to be noted that the instruments in the above cases, like the one at bar, employ words of present grant.

The question of a forfeiture arising from a condition subsequent has been argued at great length by counsel. But the question is not involved in this case, for the reason that it was the intention of the parties that the right to take the timber should be limited to ten years. The legal result follows that the vendee would be entitled to only so much of the timber as he might remove within the time, the balance remaining the property of the vendor. As stated, however, the ten-year period had not expired when the complaint was filed. There is no finding on the issue that the plaintiff was ejected from the property. [4] If the plaintiff was prevented by the defendant from going on the land and cutting the timber, the period of interruption should be taken into account and the term extended by operation of law for the time during which the plaintiff was so prevented from exercising his right.

The judgment is reversed and a new trial ordered for the purpose of determining whether the appellant has any time remaining within which he may remove the timber and decree accordingly.

Olney, J., and Shaw, J., concurred.

Hearing in Bank denied.

All the Justices concurred.