**HOLDREN et ux. v. CARPENTER et al.**

No. 12695—Opinion Filed Jan. 15, 1924.

Rehearing Denied April 1, 1924.

1. **Brokers—Right to Compensation—Implied Contract.**

If brokers are unable to prove an express promise to pay for their service, they may prove facts from which the law will imply a promise on the part of the alleged principals to compensate. Record examined, and held to show such implied contract.

2. **Appeal and Error—Questions of Fact—Verdict.**

Vendors contend that real estate brokers were the agents of vendee. The court, without exceptions by vendors, submitted, on proper instructions to the jury, the question as to whose agents such brokers were. Held, vendors are concluded by the judgment on the verdict against them, there being competent evidence reasonably tending to support same.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Okmulgee County; Hugh Murphy, Judge.

Action by W. E. Carpenter and W. T. Bowling against C. C. Holdren and Ida May Holdren to recover real estate brokers' commission on sale of hotel property. Judgment for plaintiffs. Defendants appeal. Affirmed.

M. A. Dennis, for plaintiffs in error.

M. A. Holcomb and Horton & Horton, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court. W. E. Carpenter and W. T. Bowling, realtors, as plaintiffs, sued C. C. Holdren and Ida May Holdren, as defendants, in the county court of Okmulgee county for $575 commission on the sale of a lease and the furnishings of a hotel. Trial to jury resulted in a verdict and judgment for the plaintiffs for said amount. Defendants appeal.

It is assigned that the verdict and judgment are not supported by sufficient evidence and are contrary to law. In support it is urged that (1) there was no contract, express or implied with defendants, and (2) plaintiffs were the agents of the purchaser and were not agents of defendants. Mrs. Swanson came to plaintiffs seeking to purchase a hotel. At that time the plaintiffs did not have the hotel of defendants listed. After trying to sell Mrs. Swanson another hotel, plaintiffs took her to the defendants and began the negotiations which resulted in the sale. At first defendants asked a greater price but finally agreed to take $18,000, which proposition was accepted by Mrs. Swanson and that amount paid. A written contract containing the terms of the sale was signed by defendants for themselves as parties of the first part and "W. E. Carpenter, agent, for second party" (Mrs.

Swanson), the said Carpenter being one of the plaintiffs. There is evidence that Mrs. Swanson was sick at the time and that Carpenter thus signed said contract at her request for her and as a matter of courtesy and convenience in closing the deal. Carpenter testified that one of the defendants asked him, before the sale was made, what his commission was, and that he replied, "5 per cent. on the first $5,000 and 2½ per cent. on the remainder." Another witness testified that after the sale was made, said defendant admitted having asked such question and received said answer.

1. Plaintiffs pleaded simply that defendants employed them to procure a buyer for such ·lease and furniture. If a real estate broker is unable to prove an express promise to pay for his services, he must show facts from which the law will imply a promise on the part of the alleged principal to compensate him. Ludeman v. English, Executrix, 78 Okla. 177, 189 Pac. 531. Proper instructions were given to the jury on this question. The foregoing evidence is sufficient, under the Ludeman Case, to sustain the verdict on the theory of implied contract.

2. The court, without objection or exception from either side, submitted to the jury the question now raised by defendants as to whose agents plaintiffs were. By the verdict, the jury found that plaintiffs were agents of defendants. Under well known rules this judgment cannot be disturbed. The foregoing evidence, together with other facts and circumstances, tends reasonably to support the verdict in this behalf. Sand Springs R. Co. v. Smith, 84 Okla. 211, 203 Pac. 207.

The assignment that the court erred in overruling demurrer of defendants to the evidence of plaintiffs and other assignments are covered by the foregoing.

The judgment of the trial court should be and is affirmed.

By the Court: It is so ordered.