[Civ. No. 2701.   Third Appellate District.—November 17, 1924.]

## J. H. MALLETT, Appellant, v. LILLIAN C. DOHERTY, as Administratrix, etc., Respondent.

[1] CONTRACTS—REMOVAL OF STANDING TIMBER — EVICTION — PREVENTION—FINDING—EVIDENCE.—In this action to establish plaintiff's right under a contract between him and defendant to remove timber suitable for sawmill purposes standing on lands belonging to defendant for a limited period, a finding that the defendant did not evict plaintiff or at any time hinder or prevent him from entering upon said lands, or from using or occupying said lands for logging purposes or for the purpose of cutting or sawing or hauling or removing all or any timber suitable for sawmill purposes, standing or being upon said real property, and that plaintiff never at any time in good faith attempted to or did go upon said lands to use or occupy the same for any of such purposes, was supported by the evidence.

[2] ID.—ADMISSIONS—PLEADING—EVIDENCE.—In such action, where the defendant's answer was amended so as to deny the allegations of plaintiff's complaint that defendant had hindered and prevented plaintiff from entering upon defendant's lands for the purpose of removing timber, defendant's implied admission of the alleged hindrance and prevention contained in the original answer because of its failure to deny said allegations of the complaint became, at most, a mere item of evidence, the weight of which, in support of plaintiff's allegations and in contradiction of defendants positive testimony to the contrary at the trial, was for the determination of the trial court.

[3] ID.—PREVENTION—JUDGMENT—APPEAL—PRESUMPTIONS. — Where it is impossible to determine on this, the second, appeal in such action whether the first judgment in favor of defendant prevented plaintiff from exercising his rights under his contract with defendant during the period prescribed thereby, in support of the judgment from which this appeal is taken by plaintiff it must be presumed that plaintiff was not so prevented.

(1) 38 C. J., p. 184, sec. 69.   (2) 22 C. J., p. 422, sec. 505.   (3) 4 C. J., p. 521, sec. 2298.

APPEAL from a judgment of the Superior Court of Kern County.   T. N. Harvey, Judge.   Affirmed.

2. Admissions in superseded or amended pleadings, notes, 18 Ann. Cas. 83; Ann. Cas. 1913A, 1132.   See, also, 1 R. C. L. 497.

The facts are stated in the opinion of the court.

W. W. Kaye and Alfred Siemon for Appellant.

Borton & Anderson, E. F. Brittan, F. E. Borton and James Petrini for Respondent.

FINCH, P. J.—This action was commenced against the above-named W. J. Doherty December 6, 1912. Judgment was rendered in favor of the defendant and the same was reversed on appeal. (*Mallett* v. *Doherty,* 180 Cal. 225 [15 A. L. R. 19, 180 Pac. 531].) The case was retried February 3, 1920. Judgment was again rendered in favor of defendant and the plaintiff has appealed. Thereafter W. J. Doherty died and Lillian C. Doherty, as administratrix of his estate, was substituted herein as defendant and respondent.

It is unnecessary to repeat the facts stated in the opinion of the supreme court on the former appeal. The action was instituted to quiet the plaintiff's title to "an undivided one-half interest and ownership in and of all the timber suitable for sawmill purposes" standing on certain lands belonging to defendant. Plaintiff's right to remove the timber was based upon a contract of sale thereof executed October 5, 1905. In construing this contract, the supreme court said: "It was the intention of the parties that the right to take the timber should be limited to ten years. The legal result follows that the vendee would be entitled to only so much of the timber as he might remove within the time, the balance remaining the property of the vendor. As stated, however, the ten-year period had not expired when the complaint was filed. There is no finding on the issue that the plaintiff was ejected from the property. If the plaintiff was prevented by the defendant from going on the land and cutting the timber, the period of interruption should be taken into account and the term extended by operation of law for the time during which the plaintiff was so prevented from exercising his right. The judgment is reversed and a new trial ordered for the purpose of determining whether the appellant has any time remaining within which he may remove the timber and decree accordingly."

The complaint alleges that "on or about the 1st day of November, 1912, the said defendant evicted plaintiff from the possession of all of the above-described real property and ever since said date has and does now hold possession of the same, and has hindered and prevented, and does now hinder and prevent this plaintiff from entering in and upon said real estate or any part thereof, and from using . . . or occupying said land or any part thereof for logging purposes, or for the purpose of cutting, or sawing, or hauling, or removing all or any of the timber suitable for sawmill purposes standing and being upon said real property." The answer upon which the first trial was had denied the alleged eviction, but, by failure to deny, admitted the alleged hindrance and prevention. Prior to the second trial the defendant, by leave of the court, amended the answer by denying all of the aforesaid allegations of the complaint.

[1] The court found that the defendant did not evict the plaintiff or at any time hinder or prevent him "from entering in . . . or upon said real estate or any part·thereof . . . or from using . . . or occupying said land or any part thereof for logging purposes or for the purpose of cutting or sawing or hauling or removing all or any timber suitable for sawmill purposes, standing . . . or being upon said real property. That it is true that the plaintiff never at any time in good faith or otherwise undertook or attempted to or did go upon said lands and premises to use . . . or occupy the same or any part thereof for logging purposes or for the purpose of cutting or sawing or hauling or removing all or any timber suitable for sawmill purposes standing and being upon said real estate."

[2] This finding is fully supported by the evidence. Appellant lays much stress upon the defendant's implied admission in the original answer that he had hindered and prevented plaintiff from exercising his rights under the contract. The admission, of course, was conclusive against the defendant in the original state of the pleadings. But when the answer was amended so as to deny the alleged hindrance and prevention, the prior implied admission thereof became, at most, a mere item of evidence, the weight of which, in support of plaintiff's allegations and in contradiction of de-

fendant's positive testimony to the contrary at the trial, was for the determination of the trial court.

[3] Plaintiff had the right to remove the timber in question at all times up to October 5, 1915. Appellant states in his opening brief that the first judgment was entered in December, 1914, and that the judgment "operated to prevent the plaintiff from exercising his lawful rights," and it is argued that he is therefore entitled to a corresponding extension of time within which to remove the timber. The weakness of the argument lies in the fact that the record does not show when the first judgment was entered or the nature thereof. It is impossible, therefore, to determine on this appeal whether the first judgment prevented plaintiff from exercising his rights under the contract during the ten-year period, and in support of the judgment from which this appeal is taken it must be presumed that plaintiff was not so prevented.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.