[Sac. No. 6854.   In Bank.   Dec. 8, 1959.]

C. A. WHITTAKER et al., Respondents, v. WALTER C. THOMPSON et al., Appellants.

Geary, Spridgen & Moskowitz and John H. Moskowitz for Appellants.

Burke & Rawles and Wayne P. Burke for Respondents.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiffs in an action to recover the value of timber alleged to have been removed from plaintiffs' property under a timber sales agreement.

The stipulated facts are:

(i) On July 3, 1948, plaintiffs and defendants executed a written agreement which provided for the sale by defendants to plaintiffs of certain real property described therein for a purchase price of $47,500. It provided that the rights of plaintiffs as purchasers of the real property were subject to a previously executed timber contract under which defendants had

sold 7½ million board feet of timber growing on the property to S. C. Giles and Company. The agreement contained, among others, these paragraphs:

"The said vendors also reserve the right to cut any and all timber on said real property not included in the GILES contract, and including timber of any and every nature whatsoever and trees of all sizes and descriptions, this right to continue for a period of six years from the date hereof.

"It is understood and agreed that the vendors shall pay to the vendees the sum of Two Dollars and Fifty Cents ($2.50) per thousand for all merchantable pine and fir timber which they may remove from said real property during said six year period, such merchantable timber to be designated as measuring twenty-two (22) inches under the bark at sixteen (16) inches above the ground, and that will produce 66⅔ of itself in merchantable lumber.

"It is understood between the parties that the timber purchased by the said S. C. GILES AND COMPANY has been fully paid for."

(ii) In October 1948 plaintiffs completed payment of the purchase price of the real property, acknowledging that timber on the property had been sold and that title to the land was being taken subject to the terms of the previous sale of the timber.

(iii) In January 1949 plaintiffs received a policy of title insurance which stated that their title to the land was subject to the sale of timber thereon to S. C. Giles and Company.

(iv) The sale to Giles was an outright sale of 7½ million board feet of timber then growing on the real property. The timber was paid for in full by Giles at the time of the execution of its contract with defendants. Giles failed to cut 1½ million feet of timber per year as specified in its contract, and at the time defendants began cutting timber, more than five years had elapsed since the execution of their contract with Giles.

(v) After February 7, 1946, the date on which the Giles contract was signed, Giles removed less than 4 million board feet of timber from the land. Defendant Walter C. Thompson cut and removed 3,140,452 board feet of timber from the property between February 1952 and May 1953. Thus there was a total of less than 7½ million board feet of timber removed from the property, including the timber removed by defendant Walter C. Thompson after the sale to Giles on February 7, 1946.

Question: *Are defendants obligated under their contract with plaintiffs to pay them at the rate of $2.50 per thousand for*

*the timber removed by defendants from the real property described therein?*

*Yes.* ▮▮▮ The rule is established in California that where there is a contract for the sale of standing trees to be removed within a specified time, title passes to the vendee to only those trees which he cuts and removes within the designated period. Title to the remaining trees is in the vendor.

The rule is thus stated in *Mallett* v. *Doherty,* 180 Cal. 225, 229 [180 P. 531, 15 A.L.R. 19] : ''The rule of construction as to contracts for the sale of standing trees to be removed within a specified time is thus stated in 28 Am. & Eng. Ency. of Law, p. 541 : 'Contracts for the sale of standing trees to be removed within a specified time have generally been construed by the courts as sales of only so many trees as the vendee might cut and remove within the time designated, the balance remaining the property of the vendor.' (See, also, 25 Cyc. 1549 ; 17 R.C.L. 1084, and 55 L.R.A. 526.) ''

▮▮▮ Applying the foregoing rule to the facts of the present case, it was stipulated that by the contract of February 7, 1946, between defendants and S. C. Giles and Company, Giles purchased 7½ million board feet of timber standing on defendants' land; that Giles agreed to cut at least 1½ million feet of timber a year over a period of five years, but that Giles, in a period of six years, had cut less than 4 million feet of timber from the land; and that the time within which Giles could cut the total amount of timber had elapsed. The title to the balance of the 7½ million feet of timber which defendants had agreed to sell to Giles therefore remained in defendants. However, the deed from defendants to plaintiffs conveyed, without reservation, the land involved and the timber thereon, excepting only the timber previously sold to Giles. Plaintiffs therefore acquired title to all the timber except that actually removed by Giles. As a result, since title to the timber removed by defendants was in plaintiffs, they are entitled to recover, under their contract with defendants, at the rate of $2.50 per thousand feet of timber removed by defendants from the above-described property.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., Peters, J., and White, J., concurred.

Appellants' petition for a rehearing was denied December 31, 1959.