[Civ. No. 2618.   First Appellate District, Division One.—December 24, 1918.]

## GUSTAF ANDERSON, Respondent, v. A. G. PALLADINE et al., Appellants.

ACTION TO QUIET TITLE — DEED — GRANT OF STANDING TIMBER — COVE-
NANT FOR REMOVAL.—In this action to quiet title a deed conveying
"all the timber now growing and standing" on certain described
lands, with the right of ingress and egress at all times within ten

years to cut and remove "the timber hereby granted" from time to time as the grantees might elect, and with the right to construct logging roads and such other means as grantees might require to enable them to cut and remove said timber, "and together with all other rights and privileges necessary for the full enjoyment by said grantees of this grant" was held to be an absolute sale and grant of the timber, and not the creation of an estate upon condition subsequent.

ID.—CONSTRUCTION OF COVENANT.—The final clause "together with all other rights and privileges necessary for the full enjoyment by said grantees of this grant," clearly contemplated that there should be no forfeiture of the rights to the timber by mere delay in its removal, but that the grantee of the timber should have additional time within reason for its removal if found necessary.

ID.—JUDGMENT, PROPER FORM.—In such case where the grantor had sued the grantee to quiet his title and the defendant, who claimed title to the timber under the grant in question had pleaded and proffered proof of a reasonable time within which to cut and remove the timber, the trial court should have rendered a judgment interlocutory in its nature decreeing the title to the land to be in the plaintiff and the title to the timber in the defendant, and fixing a reasonable time within which the defendant might remove the timber, with proper provisions for the removal and sale of the timber by plaintiff at the expense of the defendant, in case of failure of the defendant to remove the same within the time fixed by the court.

ID.—UNAMBIGUOUS DEED—PAROL EVIDENCE.—The deed in such case being absolute on its face and its terms unambiguous, the trial court erred in admitting parol evidence to explain the intent of the parties.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

F. E. Cook for Appellant.

C. K. Bonestell, Casper N. Torp and A. W. Carlson for Respondent.

LENNON, P. J.—In this action plaintiff sought and secured a judgment quieting his title to two quarter-sections of timber land situated in the county of Fresno. The record before us shows only the answer and appeal of the defendant Hume-Bennett Lumber Company, Incorporated.

39 Cal. App.—17

The corporation appellant made no claim to the land in suit as distinguished from the timber growing thereon, but its answer, in addition to denying all of the material allegations of the complaint, pleaded several special defenses, only one of which, however, is involved upon this appeal, namely: That defense which interposed the corporation defendant's claim of an existing right and title to the timber in question based upon the fact of the execution of a grant deed by and from plaintiff conveying the timber standing and growing upon one of the quarter-sections of the land involved in the suit to certain grantees, who in turn conveyed their title to the timber to the Kings River Lumber Company, which title was, by mesne conveyances, ultimately transferred to the corporation defendant. The deed from plaintiff upon which this defense rested was executed some twenty-eight years prior to the institution of the action, and is as follows:

"Know all men by these presents: That I, Gustaf Anderson, of the County of Tulare, State of California, for and in consideration of six hundred and twenty-two dollars, the receipt whereof is hereby acknowledged, do grant to A. D. Moore, of the city and county of San Francisco, an undivided two-thirds, and to H. C. Smith, of the County of San Joaquin, state aforesaid, an undivided one-third of all that real property situate in Fresno County, State of California, bounded and described as follows:

"All the timber now growing and standing on the northeast quarter of section twenty-two, in township thirteen south, range twenty-eight east of the Mount Diablo base and meridian, together with the right and privilege of free and undisturbed ingress and egress in, upon and from said real property at any and all times within ten years from the date of this grant. To cut and remove from said parcel of land the timber hereby granted from time to time as said grantees may elect— and together with the right to construct logging roads, tramways, trails, and railroads and such other ways and means as said grantees may require to enable them to cut and remove said timber, and together with all other rights and privileges necessary for the full enjoyment by said grantees of this grant.

"Witness my hand this sixth day of April, A. D. 1887.

"GUSTAF ANDERSON.

"Signed and executed in the presence

"J. W. FEWEL."

The execution of this deed was not disputed, and it was an admitted fact in the case that the timber thereby conveyed had not been cut and removed nor attempted to be cut and removed, either in whole or in part, by the corporation defendant or any of its predecessors in interest within or without the ten years designated in the deed, and that the plaintiff never at any time made demand for the cutting and removal of the timber.

Briefly stated, the further facts of the case, as revealed by the pleadings and proof, are these: The land upon which the timber in controversy originally stood and is still standing and growing is at an elevation of about six thousand feet. Because of its elevation and the character of its soil, the land is neither valuable nor profitable for agricultural purposes, and aside from the timber growing thereon, possesses only a slight, if any, value for grazing purposes. The land in question is situated in the mountains some sixty miles removed from the line of the railroad, and not until the year 1911—when at a cost of five hundred thousand dollars the milling plant of the corporation defendant was erected and in conjunction therewith a flume constructed to carry lumber to the valley below—was there any practical means of marketing the timber in controversy, even if it had been theretofore cut and removed from the land upon which it was growing. Ever since the construction of its mill, the corporation defendant has been engaged in cutting timber from lands in the neighborhood of the land in suit and marketing it by means of the mill-pond and a connecting railway constructed by the corporation defendant, and which, although extending some eighteen miles into adjoining timber lands, did not run to nor in the direction of the land in suit, and as a consequence the timber thereon can be marketed practicably and profitably only by the installation of considerable additional trackage, and this the corporation defendant contemplated doing "in about four years" (some time in the year 1920), which period of time it claimed would be reasonably necessary to the continuity and completion of the plans which it had inaugurated on a large scale for the marketing of the timber on the land in question and in the adjoining timber lands generally.

It is conceded that the judgment of the court below was in effect a holding that the corporation defendant's title to the timber in controversy was forfeited by the failure to cut and

remove the same within the designated ten years. It is also conceded that the correctness of the judgment depends upon whether the deed in question was absolute or was a conditional grant of the timber. The solution of this question in turn is dependent upon whether or not that clause of the deed which, in addition to the granting of the timber, gave to the grantees "the right and privilege of free and undisturbed ingress and egress" in and from the land described "at any and all times within ten years from the date of the grant," constituted a condition subsequent as distinguished from a mere covenant the breach of which would operate as a defeasance and forfeiture of the estate originally granted.

At this point, it may not be amiss to note that, notwithstanding the fact that in the clause just quoted a period purports to point a sentence ending with the word "grant"—that clause must be read in conjunction with and construed as a part of the immediately following phrase commencing with the words "to cut and remove," etc. This must be done, we think, for, standing alone, the quoted clause concerning ingress and egress is meaningless, whereas, when closely connected and construed with what follows, it plainly provides the privilege of free and undisturbed ingress and egress during a period of ten years, to and from plaintiff's land, primarily for the purpose of cutting and removing the timber granted.

Whether the clause in controversy be a condition the breach of which involves a forfeiture of the estate created, or a mere covenant conveying a privilege which has expired of its own limitation, is a question, we think, which may be readily and rightly resolved by a resort to the rudimentary rules which ordinarily govern and control the creation and continuity of estates granted upon condition. A condition is a qualification annexed to an estate by the grantor, upon the happening or breach of which the estate granted is enlarged or defeated. Of course, the breach of a condition upon which an estate is expressly or impliedly granted works a forfeiture of the estate, but it is elementary that the law abhors a forfeiture, and, consequently, in order to avoid one, conditions in a conveyance will be construed as covenants merely when this can be done without doing violence to the clear intent of the parties as expressed or necessarily implied from the language of the conveyance. Growing timber is a part of the realty, and, con-

sequently, the deed under consideration here conveyed to the original grantees an estate *in praesenti.* While conditions subsequent are commonly created by the use of a familiar formula of words and phrases which, when employed, leaves no doubt as to the character and contingent continuance of the estate created, still no particular or peculiar wording is absolutely essential to the creation of an estate upon condition subsequent, and such an estate will be held to have been created if the language of the conveyance or its import is so clear as to leave no doubt but that the grantor intended to create an estate upon condition subsequent—language which *ex proprio vigore* imports such a condition." (*Hawley* v. *Kafitz,* 148 Cal. 393, [113 Am. St. Rep. 282, 3 L. R. A. (N. S.) 741, 83 Pac. 248].)

Measured by the rules related, the deed before us falls far short of showing an intention of the grantor to create an estate upon condition subsequent, for it is utterly devoid of words of forfeiture—those words and phrases which ordinarily and aptly express and which are commonly employed for the purpose of creating a condition calling for a forfeiture; and nowhere within the four corners of the deed is there to be found any language which, either in whole or in part, remotely suggests that the parties thereto contemplated the creation of a condition subsequent rather than a mere covenant which in no way trenched the title to the timber granted.

Construing as we must the clause in controversy as a mere covenant, we are then confronted with the question of the relative rights and responsibilities of the parties in the presence of the admitted fact that the right conveyed by the covenant of free and undisturbed ingress and egress to and from plaintiff's land for the purpose of cutting and removing the timber was not exercised within the ten years' time limited by the covenant. The solution of this question is, we think, found in the application of the principles enunciated in and underlying the decision in each of the two cases of *Peterson* v. *Gibbs,* 147 Cal. 1, [109 Am. St. Rep. 107, 81 Pac. 121], and *Gibbs* v. *Peterson,* 163 Cal. 758, [127 Pac. 62].

While the case at bar and the two cited cases are not in their facts pointedly the same, nevertheless in their essential features, they are closely akin. In the first of them the action, as here, was one to quiet title to land upon which the standing timber had been previously conveyed by an instrument much

less formal than the deed before us; and in that case the trial court ruled, and the supreme court held, that the instrument constituted an absolute conveyance which vested title to the timber in the grantees free and clear of conditions, notwithstanding the failure of the vendees to take advantage of a concurrent covenant to the effect that they should have the right of ingress and egress to and from the land on which the timber was standing during a period of ten years for the purpose of cutting and removing the timber, which covenant was coupled with the proviso that if the timber was not removed within the time limited, a rental of two hundred dollars a year thereafter would be paid for the privilege of entering upon the land and removing the timber, and that the vendees would pay one-half of all taxes levied upon the land from the date of the agreement until all of the timber had been removed. Counsel for the plaintiff in the present case insist that the cited case does no more than decide what, under the particular agreement of the parties in that case, was the effect of the failure to either remove the timber within the time originally limited, or comply with the condition upon which an extension of such time was to be granted, and that the cases, therefore, are to be distinguished.

We are unable to see or make the distinction, and, following the reasoning and the ruling of the cited case, there is no escape, it seems to us, from the conclusion that the deed before us was an absolute grant of the timber in controversy, and that the clause thereof granting the "privilege of free and undisturbed ingress and egress, etc., at any and all times within ten years from the date of this grant to cut and remove . . . the timber . . . granted from time to time as said grantees may elect, etc.," cannot be taken as a limitation of the major grant; that is to say, the clause under consideration here, like the covenant construed in the cited case, clearly indicates that the sale of the timber was made in contemplation of its removal, and is not pointed to the purpose of extinguishing the title to the timber conveyed in the event that it was not cut and removed within the designated ten years, but was rather intended to provide a period of time during which the grantees were to have free and undisturbed access to the land for the purpose of cutting and removing the timber thereon, and further contemplated that if the timber was not cut and removed within that time only the right of free and undisturbed

access would be lost, leaving the parties in that event to a separate and independent adjustment of new terms and time upon which the right to cut and remove the timber might be exercised. Manifestly, if defendant or its predecessors in interest had commenced to cut and remove the timber within the designated ten years but had failed to complete the work within that time, it could not be successfully contended that the title to the timber remaining upon the land was hereby forfeited, or that anything more than the mere right of free and undisturbed ingress and egress had been lost.

In addition to what we have said as to the proper construction of the deed here involved, we think its final clause clearly contemplates that there shall be no forfeiture of the right to the timber by mere delay in its removal. We regard the closing language of the deed as very significant. After apt words of grant of the timber and language conferring the right to remove it within ten years, there is the additional provision, "together with all other rights and privileges necessary for the full enjoyment by said grantees of this grant." Here is emphasized the intent of the grantor to confer everything necessary for the full enjoyment of the grant of the timber, and it seems to us that a reasonable construction of this last provision would give to the grantee of the timber additional time within reason for its removal if found necessary. Otherwise he cannot be said to have the full enjoyment of the thing granted.

But, however that may be, our conclusion in this behalf is confirmed by a consideration of the second cited case of *Gibbs* v. *Peterson,* 163 Cal. 758, [127 Pac. 62], which was an action between the same parties practically involving the same facts, and differing from its companion case in the particular that that was an action to enjoin the defendant as owner of the land from cutting and removing the timber standing thereon. There it was said by the supreme court that the opinion in the previous case had disposed of all questions raised as to forfeiture by plaintiffs of any of their rights in regard to such timber, and determined that they were the absolute owners thereof, notwithstanding their failure to take any steps to remove the timber, and notwithstanding their failure to pay any of the taxes for the years 1891 and 1896. The same would be true as to the failure of plaintiffs to pay the two hundred dollars per annum specified in the instrument, and,

proceeds the opinion: "It seems clear that defendant was not warranted in proceeding upon the theory that plaintiff had lost all rights in the timber standing on his land; and that notwithstanding the matters set up in his answer and cross-complaint [referring in part to the failure to pay certain taxes and rent] plaintiff was entitled to a decree enjoining him from so doing. . . .

"The effect of the former decision clearly is that no delay in the removal of the timber can operate as a forfeiture of plaintiff's rights thereto."

In line with the case last quoted is the case of *Ciapusci* v. *Clark,* 12 Cal. App. 44, [106 Pac. 436], where the court refused to read terms of forfeiture into a conveyance of standing timber merely because it gave the right of entry within a designated time for the purpose of removing the timber, coupled with a proviso for an extension of such time in consideration of a stipulated rental. In the latter case the timber was not removed within the time designated, and, as was alleged in *Peterson* v. *Gibbs, supra,* the rent stipulated for an extension of time was not paid, and in holding that this fact did not operate as a forfeiture the court said: "It would be manifestly improper that mere delay should forfeit both the appellant's money and his timber."

The case of *Call* v. *Jenner Lumber Co.,* 33 Cal. App. 310, [165 Pac. 23], so strongly relied upon by counsel for respondent, is, we think, clearly distinguishable from the cases previously cited and also from the case at bar in this, that the language of the deed there involved clearly expressed the intention of the parties to pass title only to such timber as was cut and removed, and expressly provided that all title to any timber which was not cut and removed within the time limited, together with the right of entry for the purpose of cutting and removing the timber, should be lost to the purchaser. While, in the present case, the title to the timber was not lost to the corporation defendant by its failure to cut and remove the timber within the designated time, still, as was said in the case of *Gibbs* v. *Peterson, supra,* the defendant would not, under the circumstances, be entitled to perpetually maintain the timber upon plaintiff's land. In the present case the defendant, pursuant to the special defense in that behalf pleaded, prayed for and proffered proof of a reasonable time within which to cut and remove the timber in controversy, and,

inasmuch as this is an equitable action, one in which under
the issues raised by the pleadings and the evidence all of the
rights of the parties might and should have been equitably
adjusted in keeping with the procedure outlined in *Gibbs* v.
*Peterson, supra,* where the situation of the parties was, we
think, relatively the same as that of the parties here, the trial
court by its judgment should have decreed the title to the fee
of the land to be in plaintiff, the title to the timber in the ap-
pellant, and then found and fixed a reasonable time within
which the appellant should remove its timber from the land,
and, provided that if it failed to do so, the plaintiff might re-
move and sell the same at the expense and for the benefit of
the appellant, accounting to it for the net proceeds thereof.
Said judgment should further provide that if the timber be
not removed within the time fixed, the plaintiff shall be en-
titled to retain from the proceeds of his sale of the timber such
an amount as will reasonably compensate him for his loss of
the use and occupation of the soil from the expiration of the
period fixed by the court for such removal to the time of the
actual removal, such amount to be determined by the court.
The judgment given should be interlocutory in its nature,
the court retaining jurisdiction of the cause for the purpose
of an accounting between the parties in the event that appel-
lant failed to remove the timber within the specified time.

Incidentally it should be noted that the trial court's finding
to the effect that the defendant was without any rightful claim
of title to the timber in controversy was based in part upon
parol testimony, which was received upon the theory that the
deed in question was ambiguous in its terms, and did not
clearly express the intent of the parties as to what would be
the result of a failure to remove the timber within the desig-
nated ten years.

The admission of this testimony, we think, was error, and,
in view of the finding made, prejudicial error. The deed, as
has been previously pointed out, is absolute on its face; its
terms are unambiguous and consequently neither require nor
permit an inquiry into the surrounding circumstances for the
purpose of ascertaining its meaning or the intent of the par-
ties. It is well settled that if there be no ambiguity in the
contract, it must speak for itself. (*Peterson* v. *Chaix*, 5 Cal.
App. 525, [90 Pac. 948]; *United Iron Works* v. *Outer Harbor
Co.*, 168 Cal. 81, [141 Pac. 917].)

For the reasons stated, the judgment appealed from is reversed, with directions to the lower court to take such further proceedings as it may be advised in keeping with the views herein expressed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1919.

All the Justices concurred.