[Civ. No. 2891.  Third Appellate District.—April 25, 1925.]

## GUSTAF ANDERSON, Respondent, v. A. G. PALLADINE et al., Defendants; SANGER LUMBER COMPANY (a Corporation), Appellant.

[1] JUDGMENTS—REMOVAL OF TIMBER—MEANING OF WORD "TIMBER"—JURISDICTION.—Where a judgment adjudging plaintiff to be the owner of certain lands and the defendant the owner of the timber standing and growing thereon at the time of the execution of a grant of such timber by plaintiff to defendant's grantors, and providing for the cutting and removal by defendant of such timber within a certain manner and stated times, does not attempt to define the word "timber," the trial court, in determining whether the defendant is proceeding in accordance with the judgment to remove the timber and in ascertaining whether it is violating any of the provisions of said judgment, has jurisdiction (whether the judgment be considered as final or interlocutory) to examine into and ascertain the meaning of the word "timber" as used in the instrument of conveyance under which the defendant claims title.

[2] ID.—LAW OF CASE.—Where the judgment in question was directed to be entered by the appellate court, and the ownership of the parties in and to the properties is distinctly set forth in the opinion of the appellate court, and, likewise, clearly set forth in the judgment, but whether so clearly set forth in the judgment of the trial court as might have been done, the law of the case, as declared by the appellate court, is final.

[3] ID.—MANNER OF REMOVAL OF TIMBER—EVIDENCE.—The fact that the right to remove the timber to which the defendant acquired title was conferred in the instrument conveying title, and that it placed upon the land incidents and burdens necessarily attendant upon the cutting and removal of such timber, and that damages unavoidably incident thereto must be held to have been necessarily within the contemplation of the parties when the title was conveyed, does not import an absolute right, but only imports the right to remove the timber in the usual, customary, and proper manner, as those terms are understood and applied in the logging and lumber business, and resort may be had to the United States government rules and regulations in the ascertainment and the application of the proper manner for the removal of timber suitable for merchantable purposes.

[4] ID.—VIOLATION OF JUDGMENT—REMEDIES—JURISDICTION.—If the defendant, in its logging operations, has in any particular violated the judgment fixing its ownership in the timber, to the damage of

---

1.  Meaning of word "timber," note, 19 Ann. Cas. 1051.

the plaintiff, it is liable to respond to him for such damages, and the defendant may also be restrained from conducting its logging operations contrary to the provisions and conditions of said judgment, but this does not authorize the trial court, upon a hearing arising from alleged violations of said judgment, to enter a judgment or order which, in effect, constitutes an entire forfeiture of the property belonging to defendant, to wit, the timber as defined by the trial court standing and being on the lands which was standing and being on said premises at the time of the execution of the instrument of sale; but the trial court is authorized to enter an order prohibiting the removal of any of said timber other than in accordance with the approved methods and under rules and regulations by the trial court to be fixed and determined, which method of removal should be such as may best and most clearly protect and conserve the property rights of the respective parties.

[5] ID.—EQUITY—JURISDICTION.—In view of the fact that the judgment in question reserves the right to ascertain and fix damages, and that some thirty-eight years have elapsed since the defendant's grantors acquired ownership in and to the timber standing on the plaintiff's premises, the trial court, sitting as a court of equity, is authorized to take into consideration the changed conditions and the fact that there may be trees standing on said premises of considerable value now belonging to the plaintiff and to provide for the removal of the timber belonging to defendant in such manner as may least injure the same, and also further provide that said timber shall not be removed by the defendant other than in accordance with the directions specified and set forth in the court's order.

---

(1) 34 **C. J.**, p. 941, n. 70 New.    (2) 4 **C. J.**, p. 1215, n. 92. (3) 38 **C. J.**, p. 175, n. 89, 92, p. 176, n. 10, 11.    (4) 32 **C. J.**, p. 379, n. 4; 38 **C. J.**, p. 184, n. 50 New.    (5) 32 **C. J.**, p. 378, n. 99, 3.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

Peckinpah & Carter for Appellant.

F. E. Cook and Frank Kauke for Respondent.

PLUMMER, J.—On the sixth day of April, A. D. 1887, the plaintiff then being the owner of the lands and premises hereinafter described, executed and delivered to the grantors of the appellant a certain instrument of conveyance, trans-

ferring title to certain timber situate in Fresno County, described as follows, to wit: "All the timber now growing and standing on the northeast quarter of section twenty-two, in township thirteen south, range twenty-eight east of Mount Diablo base and Meridian, together with the right and privilege of free and undisturbed ingress and egress in, upon and from said real property at any and all times within ten years from the date of this grant, to cut and remove from said parcel of land the timber hereby granted from time to time as said grantees may elect and together with the right to construct logging roads, tramways, trails and railroads and such other ways and means as said grantees may require to enable them to cut and remove said timber, and together with all other rights and privileges necessary for the full enjoyment by said grantees of this grant."

No attempt was made by any of the grantees of the plaintiff to remove said timber prior to the institution of this action in the year 1915. At about this time the plaintiff began this action to quiet his title to the above-described premises, and to have it adjudged and decreed that the defendants possessed no right, title, or interest therein, or to the timber then standing and being on said premises. Judgment went for the plaintiff and the defendants appealed. This appeal was heard and determined in division one of the district court of appeal, first appellate district, and reported in 39 Cal. App. 256 [178 Pac. 553]. In this opinion, the judgment of the trial court was reversed and the rights of the respective parties in and to the premises adjudged and decreed to be as follows: That the plaintiff was the owner of the lands and premises described in his complaint and that the appellant, Sanger Lumber Company, was the owner of the timber standing and being on the premises at the time of the execution of the instrument before referred to. In the opinion of the appellate court rendered in this cause, the trial court was further directed to proceed according to the views expressed in said opinion entering judgment for the plaintiff quieting his title as prayed 'for, subject to the ownership of said timber by the appellant, with the right in the appellant to remove the same from the above-described premises within such reasonable time as the court might determine, and to enter an interlocutory decree to that effect, fixing the time for appellant to remove the timber from said

land, and further providing that, if the appellant failed so to do, the plaintiff might remove the same, and further providing for determining and adjudging the cost and expenses, and, also, providing that the trial court should retain jurisdiction of the cause for the purpose of an accounting between the parties, in the event that appellant failed to remove the timber within the specified time.

Upon the going down of the *remittitur,* the trial court entered judgment, in accordance with said opinion, as follows, to wit:

"That the said defendant, Sanger Lumber Company, is the owner and holds title to all of the timber standing and growing on the northeast quarter (NE¼) of section twenty-two, (22), in Township thirteen (13) south of range twenty-eight (28) east, Mount Diablo Base and Meridian, situate in the said County of Fresno, which timber was standing and growing thereon on the 6th day of April, 1887, and now remains thereon, together with the right and privilege of free and undisturbed ingress to and egress from, and upon and from, said real property to cut and remove said timber, at any and all times on and before the 31st day of December, 1924, as to that portion thereof on the northerly and easterly slope of said lands toward Hume Lake and the mill and equipment of said defendant, and as to the remaining portion of said land at any and all times on or before the 31st day of December, 1926.

"That in cutting and removing said timber the defendant shall observe and comply with the rules of the United States Government now in force relative to the cutting and removal of timber from lands of said Government where timber is sold to purchasers thereof, and said defendant shall leave standing and being on the land hereinabove described all young trees which have grown thereon since the 6th day of April, 1887.

"That if the said defendant shall fail, refuse or neglect to so cut and remove the said timber from said land within the time hereinabove specified therefor, the plaintiff shall have full right to remove, and may remove, and sell the timber at the expense and for the benefit of said defendant, accounting to said defendant for the net proceeds thereof; and that if the said timber be not so cut and removed from said land by the defendant, within the said time, then, if

plaintiff shall cut and remove same, said plaintiff shall be entitled to retain and may retain, from the proceeds of his sale of the said timber the actual cost and expense of cutting and removing same; and if any of said timber be cut and removed from said land, either by the plaintiff or by the defendant, after the expiration of the time herein specified and allowed to the defendant for such cutting and removal by said defendant, then the plaintiff shall also receive such an amount as will reasonably compensate him for loss of the use and occupation of the soil from the time of the expiration of the period herein fixed by the Court for such removal by the defendant up to the time of the actual removal thereof, which amount shall hereafter be determined by the court on application therefor.

"That this Court shall have and retain full jurisdiction of this cause for the purpose of an accounting between the parties in the event the said defendant fails to remove its said timber from said land within the time herein specified therefor.

"That the Court shall also have and retain jurisdiction of this cause for the purpose of hearing evidence and determining as to any damage or injury having been caused to the plaintiff at any time by said defendant in its performing the work of cutting and removing the timber from said land in the manner or at a time other than as herein authorized, and that either party to this action, at any time when occasion shall require, may apply to the Court for a hearing in that respect, and for the determination of the damages, if any, so caused to or suffered by the plaintiff, and the amount to be paid plaintiff by the defendant by reason thereof, or by reason of any act or thing done or omitted by said defendant, at any time in cutting or removing said timber from said land.

"That the consideration of the question of loss to the plaintiff of the use and occupation of said land after the expiration of the period of time hereinabove specified, the damage, if any, that may be done by the defendant to the young trees of recent growth on said land, and an accounting as to any cost and expense incurred by the plaintiff in removing said timber on the failure of the defendant so to do as herein provided for, is reserved by this court and shall be determined by this court as occasion therefor may here-

after arise, and as a proper application be made therefor by either party hereto.''

After the entry of this judgment the Sanger Lumber Company proceeded with the work of removing the timber from the described premises, and cut and removed therefrom all the timber standing and being on forty acres thereof. The judgment last herein referred to was entered on or about the sixteenth day of May, 1923. Thereafter, and on or about the twenty-fifth day of June, 1923, upon affidavits made and filed in said cause, praying for an order that the defendant, the Sanger Lumber Company, be required to appear before said court to show cause why it was not in contempt for violating the provisions of said judgment, and for a temporary restraining order, prohibiting the further cutting and removing of timber during the hearing of said matter, and that the said defendant, Sanger Lumber Company, be prohibited, restrained, and enjoined from tearing, devastating, and destroying the young growth and trees under a certain size standing on said premises on the sixth day of April, 1887. The said trial court issued a temporary restraining order and order to show cause. Thereafter a hearing was had upon said affidavits, and order to show cause. Whereupon oral and documentary testimony was introduced and thereafter the court entered the following order or judgment, to wit:

''Now therefore, by reason of the law and the findings of fact aforesaid, it is ordered, adjudged and decreed that the motion of plaintiff above named for a permanent restraining order be and the same is hereby granted;

''It is further ordered and decreed that a permanent injunction issue out of the above-entitled court directed to the defendant, Sanger Lumber Company, forever restraining and enjoining the defendant, Sanger Lumber Company, its servants, agents and employees from entering into or upon or in any manner conducting any logging operations upon the real property belonging to the plaintiff herein and more particularly described as follows, to wit:

''The northeast quarter of section 22, in township 13 south of range 28 east, Mount Diablo Base and Meridian.''

A permanent injunction was thereupon issued, in conformity with said order or judgment. In the findings supporting this latter judgment of the court, it is found and determined

by the court that the Sanger Lumber Company had not con-
ducted its logging operations in accordance with government
rules and regulations, in that said company had made use
of what is known in the lumber trade as a high-lead line,
which said high-lead line was placed at an elevation of ap-
proximately ninety feet above the ground, whereas the rules
and regulations provide that said line shall not be placed at
an elevation greater than thirty-five feet above the ground,
and, further, that the said Sanger Lumber Company had
violated the terms of the interlocutory judgment of said
court in that said defendant without excuse or cause in con-
ducting its said logging operations made a barren waste of
approximately forty acres of the real property hereinabove
described, in that all saplings and undergrowth standing
and being on said real property were unnecessarily and
without cause or excuse uprooted and strewn upon the
ground; that said defendant had cut and removed from said
real property trees which were not of a merchantable kind,
character, or size on the sixth day of April, 1887. The court
further found that the word "timber," as used in the in-
strument of sale first hereinabove referred to and also in
the judgment of the court, had reference only to merchant-
able timber or timber capable of being converted into lumber
suitable for building purposes, and included only standing
trees which were at least twelve inches in diameter then
being and standing on the ground on the sixth day of April,
A. D. 1887, and that defendant did not own any timber
standing and being upon said premises which had become
merchantable since said date, and that in its logging opera-
tions the Sanger Lumber Company was only entitled to re-
move from said premises timber that was of the diameter
before mentioned on the sixth day of April, 1887.

In the judgment entered by the trial court, in accordance
with the opinion and directions contained in the opinion of
the appellate court, *supra,* the word "timber" is used with-
out any definition or further explanation than the mere use
of the word and the exact legal rights of the parties in
and to the timber on said premises left in doubt. Under its
interpretation of the judgment, the Sanger Lumber Com-
pany proceeded to take everything from the forty acres
referred to that could be converted into a merchantable com-
modity at the date of its logging operations, irrespective of

the long lapse of time and the incident growth of the trees on said premises between the date of the execution of the instrument conveying title thereto and the year 1923, when the logging operations were being conducted. The trial court, upon the hearing of the application for an injunction, interpreted and applied the meaning of the word "timber" as meaning trees suitable for being converted into lumber adapted for construction or manufacturing purposes, etc., and having found that the Sanger Lumber Company was taking other trees therefrom, and also unnecessarily damaging the young growth on said premises, permanently enjoining the appellant from further logging operations. It is from this injunctive order or judgment that the Sanger Lumber Company appeals.

[1] On the part of the appellant it is argued that the judgment to which we have referred fixing the rights of the parties in and to the premises is a final judgment, and on the part of the respondent that the judgment is wholly interlocutory. We do not think the determination of this question is necessary for a decision in this case. Irrespective of whether the judgment entered by the trial court pursuant to the opinion of the appellate court is final or interlocutory, the legal rights of the parties are therein set forth and the law of the case concerning the legal rights of the parties, we think, fixed and determined by the appellate court in the opinion to which we have referred. The appellate court finds in its opinion that the plaintiff is the owner of the soil, subject to the ownership of the Sanger Lumber Company in and to the timber standing thereon. Other matters contained in the opinion relate to the manner in which the rights of the respective parties may be exercised and conserved. The Sanger Lumber Company is there determined to be the absolute owner of the timber that was standing upon said premises at the date of the execution of the instrument conveying title to its grantors. It will be observed that that instrument gave to the plaintiff's grantors certain rights and privileges, to wit: "To cut and remove from said parcel of land the timber hereby granted from time to time as said grantees may elect and together with the right to construct logging roads, tramways, trails and railroads and such other ways and means as said grantees may require to enable them to cut and remove said timber, and, together with all other

rights and privileges necessary for the full enjoyment by said grantees of this grant." This necessarily imposed upon the lands and premises certain easements and conferred upon the plaintiff's grantees the right to do the things therein specified, the doing of which would undoubtedly impose burdens upon the lands belonging to the plaintiff. Whether the judgment which we are considering be considered as final or interlocutory, it did not attempt to define the word "timber," and, in determining whether the Sanger Lumber Company was proceeding in accordance with the judgment of the court to remove the timber and in ascertaining whether it was violating any of the provisions of said judgment, we think the court had jurisdiction to examine into and ascertain the meaning of the word "timber" as used in the instrument of conveyance under which the appellant claims title. In the case of *Balderson* v. *Seeley,* 160 Mich. 186 [136 Am. St. Rep. 428, 19 Ann. Cas. 1049, 125 N. W. 37], timber is defined to mean that sort of trees which is proper and suitable to be used in the construction of buildings, etc. This case, as reported in Annotated Cases, *supra,* contains in an extended note a large number of cases supporting the interpretation hereinbefore stated and followed by the trial court and also holding that the word "timber" does not denote trees which are suitable only for firewood, cordwood, and the like. It is further argued by the respondent that the opinion of the appellate court, *supra,* is not the law of the case, and that the judgment of the trial court entered in accordance therewith, being interlocutory, does not finally fix and determine the rights of the parties. In this, we think, the respondent is in error. [2] The ownership of the parties in and to said property is distinctly set forth in the opinion of the appellate court, and, likewise, clearly set forth in the judgment, but whether so clearly set forth in the judgment of the trial court as might have been done, we think the law of the case, as declared by the appellate court, is final. (See, also, 2 Cal. Jur., p. 954, etc.) [3] The right to remove the timber to which the appellant acquired title, as herein stated, was conferred in the instrument conveying title and it placed upon the land incidents and burdens necessarily attendant upon the cutting and removal of such timber. The damages unavoidably incident thereto must be held to have been necessarily within the contemplation

of the parties when the title was conveyed. This, however, we do not think imports an absolute right. It only imports the right to remove the timber in the usual, customary, and proper manner, as those terms are understood and applied in the logging and lumber business, and we think resort may be had to the United States government rules and regulations in the ascertainment of and the application of the proper manner for the removal of timber suitable for merchantable purposes. [4] If the appellant in this case, in its logging operations, has in any particular violated the judgment fixing its ownership in the timber referred to, to the damage of the plaintiff, it is certainly liable to respond to him for such damages, and the appellant may also be restrained from conducting its logging operations contrary to the provisions and conditions of said judgment, but this did not authorize the trial court to enter a judgment or order which, in effect, constitutes an entire forfeiture of the property belonging to the appellant, to wit, the timber as defined by the trial court standing and being on said premises, which was standing and being on said premises on the sixth day of April, 1887, and also, that the trial court is authorized to enter an order prohibiting the removal of any of said timber other than in accordance with the approved methods and under rules and regulations by the trial court to be fixed and determined, and that the method of removal should be such as may best and most clearly protect and conserve the property rights of the respective parties. [5] The judgment to which we have referred also reserves the right to ascertain and fix damages, and in view of the fact that some thirty-eight years have elapsed since the appellant's grantors acquired ownership in and to the timber standing on said premises, we think the trial court, sitting as a court of equity, authorized to take into consideration the changed conditions and the fact that there may be trees standing on said premises of considerable value now belonging to the plaintiff and to provide for the removal of the timber belonging to the appellant in such manner as may least injure the same, and also further provide that said timber shall not be removed by the appellant other than in accordance with the directions specified and set forth in the court's order.

The appellant further insists that the record shows that the plaintiff, since the entry of the judgment herein, pursuant to the opinion of the appellate court, *supra,* has parted with all interest and ownership in and to the forty acres upon which the logging operations under consideration have been conducted. However, there is testimony to the effect that the lumber company has crossed the boundary lines of said forty acres and taken some timber on land still belonging to the plaintiff, and the manner of the operations conducted on the forty acres would at least furnish a basis from which the court could determine the kind of operations that would be continued, unless restrained by the orders of the court.

The judgment granting a perpetual injunction against the removal of timber found to belong to the appellant is hereby reversed, and the trial court directed to make and enter such judgment and orders as may be necessary to provide for the removal of the timber belonging to the appellant as may be best calculated to preserve the rights of all parties interested in the premises, and to prohibit the removal of such timber in any other manner.

McDaniel, J., *pro tem.,* and Finch, P. J., concurred.